In re AUGUSTINO ENTERPRISES,
INC., d/b/a Hillbrook
House, Debtor.

AUGUSTINO ENTERPRISES, INC.,
d/b/a Hillbrook House, Plaintiff,

v.

AMGRO, INC. and James F. Sullivan
Insurance Agency, Inc., Defendants.

Bankruptcy No. 4–81–00338–G.
Adv. No. 4–81–0200–G.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 5, 1981.

Philip Hendel, Springfield, Mass., for Augustino.

Manuel Farber, Springfield, Mass., for Emgro.

Victor Rosenberg, Springfield, Mass., for James F. Sullivan Insurance Agency.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff sought reinstatement of its business insurance coverage which was cancelled one month after the plaintiff filed a petition for reorganization pursuant to 11 U.S.C. § 1101 et seq. The plaintiff has alleged that the defendant's action willfully violated the provisions of the stay of proceedings under 11 U.S.C. § 362, and that exemplary damages, attorneys' fees and costs be assessed against the defendants.

The plaintiff obtained insurance for its place of business, Hillbrook House, through the brokering services of the James F. Sullivan Insurance Agency, Inc. ("the Sullivan Agency") with premium financing services supplied by Amgro, Inc. ("Amgro"). Under the premium financing arrangement, Amgro had the authority to cancel the plaintiff's insurance, if the plaintiff was in default. The plaintiff did not pay its monthly insurance premium on April 20, 1981. On April 30, 1981 Amgro sent out notice that due to the plaintiff's default, if the insurance were not paid by May 13, the insurance would be cancelled effective as of May 28, 1981.

The plaintiff filed its petition for reorganization under Chapter 11 on April 28, 1981. Notice of the petition was sent by the court to the Sullivan Agency who was listed as a creditor. The plaintiff did not list Amgro as a creditor, and as a result Amgro never received official notice of the petition.

Amgro received a phone call from the Sullivan Agency on May 27, 1981 mentioning the Chapter 11 proceedings. On May 28th, the date the cancellation took effect, and when Amgro could no longer act to prevent the cancellation, Amgro received a copy of the court notice, and a letter from the plaintiff's attorney.

Besides reinstatement of the insurance, which the court has ordered, the plaintiff has asked for exemplary damages and assessment of attorney's fees and costs against the defendants individually or jointly for the willful violation of the provisions of 11 U.S.C. § 362. The issues to be decided are: (1) was there a violation of the stay, and (2) if there was a violation, are either or both the defendants liable for a willful violation of the stay.

11 U.S.C. § 362(a), (b) states that once a petition is filed, it acts as a stay applicable to all entities of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. Amgro's notice of cancellation, which is allowed under the contract with this debtor, occurred after the debtor filed its petition and is in effect an effort to collect a claim that arose before the petition. The defense of the defendant, Amgro, is that it had no actual knowledge of the petition of bankruptcy until it was no longer possible for them to reverse the cancellation, and any violation of the stay provisions were inadvertent.

The stay of proceedings in bankruptcy takes effect on the date of the filing of the petition and no service of process is required. *Collier on Bankruptcy* vol. 2, ¶ 362.03 (15th ed. 1980). In practice, the notice of the first meeting of creditors as required by 11 U.S.C. § 341, is the first actual notice that creditors get of the date of the filing of the petition. In this case, the debtor listed its insurance agent as a creditor, and inadvertently or mistakenly failed to include its insurance premium financier on its list of creditors. This error on the list of creditors prevented direct notice of the petition to Amgro and greatly delayed any notice.

**212**

To assess damages and costs against a party for violation of the stay in bankruptcy, there must be evidence of activity that must be more than an inadvertent violation of the stay. Inadvertent violations will not be punished by competent procedures. *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir. 1974). In fact, *Intaco Puerto Rico, Inc.* clearly makes the statement that the debtor or trustee of the debtor has an affirmative duty to notify a known creditor of the pendency of proceedings. C. f. *Ben Hyman and Co., Inc. v. Fulton National Bank*, 423 F.Supp. 1006 (N.D.Ga.1976).

The types of activities that have justified the assessment of damages, attorneys' fees, and costs have been knowing violations of the court's order, even if actual notice came from another source, by pursuing actions in another court. See *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir. 1976). Punitive damages may be awarded where there has been conduct in bad faith. The type of conduct necessary for an award does not require evidence of ill or malice toward the plaintiff, but the act done by the opponent must have been done intentionally and without a justification. *In re Walker*, 7 B.R. 216, 222 (Bkrtcy.D.R.I.1980). The plaintiff, a trustee or debtor-in-possession, bears the burden of proof of showing that the action that violated the stay whether directly or indirectly, was *designed* to effect the property involved in a bankruptcy proceeding to demonstrate the necessity of assessment by the court of damages, attorneys' fees or costs. See *Matter of Raymond Construction Company of Florida*, 6 B.R. 793 (Bkrtcy.M.D.Fla.1980). In this case, the plaintiff has not demonstrated that the defendants' activities, in particular that Amgro's activities, were done with actual knowledge of the petition and with deliberate intent to violate the stay.

Therefore, at Worcester, this 5th day of August, 1981, in accordance with the foregoing memorandum, it is hereby ORDERED:

1. That, the plaintiff's prayers for exemplary damages and attorneys fees and costs are DENIED.