**In re Robert A. PORTER, Jr., and Barbara J. Porter, Debtors.**

**Robert A. PORTER, Plaintiff,**

**v.**

**GOODYEAR EMPLOYEES CREDIT UNION, Defendant.**

**Bankruptcy No. 81–39.
Adv. No. 82–0138.**

United States Bankruptcy Court,
D. Vermont.

Nov. 24, 1982.

Jerome I. Meyers, Springfield, Vt., for Robert A. Porter, debtors.

Martha M. Davis, Windsor, Vt., for Goodyear Employees Credit Union.

## MEMORANDUM AND ORDER ON APPLICATION FOR CONTEMPT

CHARLES J. MARRO, Bankruptcy Judge.

On August 11, 1982, Chapter 13 debtor, Robert A. Porter, Jr., applied to this Court for the issuance of an order to show cause and for contempt judgment against Goodyear Employees Credit Union. The requested order was so issued, and on August 19, 1982, a hearing was held on the matter. At the hearing, the Debtor, through his Counsel, requested from this Court a finding that Goodyear Employees Credit Union is in contempt of this Court for its violation of Section 362 of the Bankruptcy Code. 11 U.S.C. § 362. For this violation, the Debtor has requested that damages and attorney's fees be awarded. As to this application, the Court makes the following findings.

Robert A. Porter, Jr., an employee of Goodyear Tire and Rubber, obtained a loan on November 7, 1980, from the Goodyear Employees Credit Union, (hereinafter referred to as "Goodyear"). As evidence of this loan, the Debtor executed a promissory note to Goodyear in the amount of $1518.59. The repayment terms of the loan were set forth in the note, and the repayments were to be made in conjunction with the Debtor's savings account with Goodyear.

From December 1980 through February 27, 1981, the date of the petition, the Debtor voluntarily deposited $40.00 per week into his Goodyear savings account for application toward the loan. Each of these deposits were made by weekly deductions from the Debtor's payroll at Goodyear Tire and Rubber. From the filing of the petition until the confirmation of the Chapter 13 plan on July 29, 1981, the Debtor continued to have $40.00 per week deducted from his salary. However, Goodyear deposited these sums into the Debtor's savings account without making the deduction for the repayment of the loan.

Beginning on August 2, 1981, the Debtor voluntarily increased his payroll deductions by $50.00 per week. The Debtor then had the additional deduction paid to David D. Robinson, Trustee, as the $200.00 per month payment required by the Chapter 13 plan. The Debtor continued the $90.00 per week deduction until his termination of employment with Goodyear Tire and Rubber, on July 31, 1982.

During the entire period from the filing of the petition until July 31, 1982, Goodyear deposited the Debtor's weekly deductions into his savings account, aside from the payments to the Trustee. Goodyear further ceased making deductions from the Debtor's account for repayment of the loan. However, when Goodyear was notified of the Debtor's resignation from Goodyear Tire and Rubber, they sought advice as to whether the accrued funds could be applied toward the remaining balance of the loan. Goodyear sought this advice from both their own Counsel and from the Trustee.

On July 31, 1982, Goodyear closed the Debtor's savings account; paid the outstanding balance on the Debtor's loan; and remitted the remaining funds to the Trustee. These actions were taken after Goodyear had received the advice described above. It is on the basis of these actions that the Debtor now seeks a finding of contempt.

## CONCLUSIONS OF LAW

■ 11 U.S.C. § 362 sets out the automatic stay provisions of the Bankruptcy Code. These provisions provide;

> ... one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. H.R.Rep. No. 595; 95th Cong. 1st Sess. 340 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6296–6297.

In order to promote the goals that the automatic stay is designed to protect, and to prevent encroachment of these goals by creditors, violations of the automatic stay should be punished by contempt whenever necessary. However, as was stated by the Court in *Matter of Carter,* 16 B.R. 481, 483 (W.D.Mo.W.D.1981); "Nevertheless, violation of the stay will not support a contempt citation in all cases. *See e.g. Springfield Bank v. Caserta,* 10 B.R. 57 (Bkrtcy.S.D.

Ohio); *In re Womack,* 4 B.R. 632 (Bkrtcy.E.D.Tenn.1980)."

■ It is clear to this Court that Goodyear is in technical violation of the automatic stay as prescribed by the Bankruptcy Code. Goodyear's application of the savings account proceeds toward the repayment of the loan can be treated as either, an act to obtain possession of property of the estate, 11 U.S.C. § 362(a)(3); or, an act to collect, assess, or recover a claim against the debtor, that arose before the commencement of the case, 11 U.S.C. § 362(a)(6). But even with these technical violations, it is still "... equally questionable that they should be punished for contempt." *In re Harlow,* 12 B.R. 1 (Bkrtcy.D.Vt.1981). As such, this Court believes that each violation must be considered in its entirety, with due consideration given to the factual background, prior to a finding of contempt.

In the instant case, there was a continuing series of transactions between Goodyear and the Debtor. Prior to the petition, the Debtor voluntarily authorized Goodyear to make payroll deductions, and to apply such deductions to the loan. After the petition, the deductions continued although they were not applied to the loan. Upon confirmation of the Chapter 13 plan, the Debtor re-acknowledged the deductions by voluntarily increasing the amount withheld, and by directing certain payments to the Trustee, in conformance with the Plan.

It is through this continuous series of transactions that the source of confusion arose. This confusion was further enhanced after Goodyear had consulted with the Trustee, and their counsel, at the time of the Debtor's termination of employment. As such, it is reasonable to assume that the continuous nature of the payments combined with the discussion with the Trustee, misled Goodyear into believing that they could proceed as they had in the past. It is also by the nature of these acts that the instant case is distinguishable from the decisions of other courts which have considered the actions of credit unions. See *Matter of Holland,* 21 B.R. 681 (Bkrtcy.N.D.Ind.1982), holding credit union in contempt

for deducting sums from share draft account and for failure to provide stop deduction form upon debtor's request; and, *In re Shepherd,* 12 B.R. 151 (E.D.Pa.1981), holding that credit union's receipt and appropriation of payroll deductions violated automatic stay, however, contempt was not in issue.

As such, the Court believes the case of *In re Hurricane Elkhorn Coal Corp., II,* 19 B.R. 609 (Bkrtcy.W.D.Ky.1982) is most analogous to the instant case. In *Elkhorn,* the debtor and its bank, to which the debtor had assigned its accounts receivable, alleged violation of the automatic stay by the debtor's agent. The agent, Logan-Kanawha, withheld from the accounts receivable certain sums which would equal inadvertent prepetition overpayments. The Court in reaching its decision found that the complexity of case, and the fact the answers to the questions raised in the case were not clearcut, were sufficient reason not to issue a contempt citation, notwithstanding the fact that the agent set-off the debt without regard to the automatic stay.

In reaching the decision, the Court stated at 620:

We cannot, therefore, impute to Logan-Kanawha the motive and intentions of a creditor seeking to circumvent the automatic stay in deliberate disregard of the Bankruptcy Court. We reserve the awesome power of contempt for only those creditors whose actions show clearly contumacious frame of mind.

This Court agrees with that standard and would reserve the power of contempt to an occasion more fitting than the instant one. Here, it would be improper to impute the motive and intentions of circumvention to Goodyear after they had made earnest attempts to resolve the issue with the Trustee. In fact, it was only after Goodyear had consulted the Trustee that they proceeded with the action which violated the stay. As such, this violation was inadvertent, and as stated in *In re Augustino Enterprises, Inc.,* 13 B.R. 210, 212. (Bkrtcy.D. Mass.1981):

"To assess damages and costs against a party for violation of the stay in bankruptcy, there must be evidence of activity that must be more than an inadvertent violation of the stay. Inadvertent violations will not be punished by contempt procedures . . ."

This Court similarly agrees with that statement.

The Court further notes that its refusal to hold Goodyear in contempt, even though there is a technical violation of the stay, is not an abuse of discretion. This belief is consistent with the holding of *In re Mullen,* 14 B.R. 39 (S.D.Ohio E.D.1981). In *Mullen,* the Court stated:

This court on appeal is confronted with the question whether the refusal to hold the appellee in contempt was a gross abuse of discretion.

11 U.S.C. § 105 confers on the Bankruptcy Court the power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. This power comprehends authority inherent in all courts to adjudicate and punish contempt. *See e.g. Fernos-Lopez v. United States District Court for District of Puerto Rico,* 599 F.2d 1087 (1st Cir.1979), cert. denied, 444 U.S. 1103, 100 S.Ct. 1070, 62 L.Ed. 700. To possess the power, however, does not require that it be exercised. Contempt is a discretionary power—an extraordinary remedy which must be exercised cautiously and sparingly. *NLRB v. Deena Artware, Inc.,* 207 F.2d 798 (6th Cir.1953).

In the instant case, the Court does not believe that contempt is either necessary or proper. As such the Court must deny the Debtor's application for contempt judgment, and accordingly its request for fines, attorney's fees and costs.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The Debtor's application for contempt judgment against Goodyear Employees Credit Union is DENIED.