**In re Michael S. RAMAGE, Debtor.**

**Michael S. RAMAGE, Plaintiff,**

v.

**Janet A. RAMAGE, a/k/a Janet A. Evans, and David B. Keefe, and DeSisti and Keefe, P.C., Defendants.**

**Bankruptcy No. 82–03644G.
Adv. No. 83–1170G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 19, 1984.

Michael S. Ramage, pro se.

M.J. DeSisti, DeSisti & Keeffe, P.C., Sayre, Pa., for defendants, Janet A. Ramage a/k/a Janet A. Evans and David B. Keeffe and DeSisti & Keeffe, P.C.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

There are two issues in the case at bench, the first of which is whether the claim of a debtor's former spouse in a divorce action for equitable distribution of the debtor's property,—including the value of the debtor's license to practice law and his increased earning power generated therefrom,—is (as the former spouse contends) a claim for alimony and, hence, not dischargeable in bankruptcy, or whether said claim arises out of a property settlement (as the debtor maintains). The second issue is whether we should hold the debtor's former spouse in contempt for attempting to seek, in state court, notwithstanding the debtor's prior filing of a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"), a determination that the spouse's claim for equitable distribution was in the nature of alimony, maintenance or support. For the reasons stated herein we will hold that the first issue is not yet ripe and on the second issue, that the conduct of the former spouse was not contemptuous.

The facts of this case are as follows: [1] The debtor filed suit seeking a divorce against his wife, Janet Evans ("Evans"), in 1981 and they were divorced on April 30, 1982. The debtor filed his petition for relief under chapter 7 of the Code on August 3, 1982. Evans then asked the master appointed by the state court to hold that the debtor's law practice was property subject to apportionment between her and the debtor under the divorce laws of Pennsylvania. In a report issued on December 3, 1982, the divorce master recommended that the debtor's practice not be considered marital property subject to division. Evans there-

upon filed exceptions to this finding. Although a hearing on the exceptions was scheduled for May 9, 1983, by letter dated April 19, 1983, the debtor requested Evans to withdraw said exceptions due to the pendency of the bankruptcy action. Evans refused the request, stating that her claim was not dischargeable in bankruptcy. Approximately two weeks later the debtor filed a complaint to hold Evans in contempt, apparently for violating the automatic stay imposed by 11 U.S.C. § 362(a) of the Code. At the debtor's behest we entered an order temporarily enjoining Evans from pursuing her claim in state court until we had the opportunity to conduct a hearing and examine the matter more thoroughly. Evans responded to the complaint with a counterclaim which sought a determination of the dischargeability of the obligation.

■ Before we reach the question of the dischargeability of Evans' claim against the debtor we must address the issue of the ripeness of this controversy. As stated in a noteworthy treatise:

Adjudication may be refused on the ground that a case, otherwise appropriate for decision, lacks ripeness. Ripeness doctrine is drawn both from Article III limitations on judicial power and discretionary reasons of policy for refusing to exercise existing power. The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated or indeed may not occur at all.

13 Wright, Miller & Cooper, *Federal Practice and Procedure* ¶ 3532, pp. 237–38 (1975 & 1980 Supp.). In the case before me the first point is that no determination by the state court has been made on the exceptions to the master's report and Evans has indicated that the state court is still considering the amount of alimony that should be awarded. Although the state

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

court's adoption or rejection of the master's characterization of the claim on the debtor's law practice is not binding on this court, it is a pertinent consideration. Second, although there are other qualifications, a debt is nondischargeable under § 523(a)(5) only if it is for alimony, maintenance or support. The fact that the state court has not yet made an award of alimony necessarily deprives Evans of one of these three exceptions. Since it appears that the action for the dischargeability of a debt is not yet ripe, we will dismiss the cause of action without prejudice.

■■■ In addressing the issue of contempt we reiterate the debtor's allegation that Evans commenced efforts to modify the master's report in violation of § 362(a)(1).[2] Evans basis for continuing with the litigation after the filing of the petition was her belief that the debt was nondischargeable. We agree with the debtor that Evans' conduct appears to be in violation of the automatic stay and as such may be redressed through the bankruptcy court's power of civil contempt. *Fidelity Mortgage Investors v. Camelia Buildings, Inc.*, 550 F.2d 47 (2d Cir.1976), *cert. den.* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Nevertheless, a violation of the automatic stay will not support a finding of contempt in all cases. *Porter v. Goodyear Employees Credit Union (In Re Porter)*, 25 B.R. 425, 427 (Bkrtcy.D.Vt.1982); *Springfield Bank v. Caserta (In Re Caserta)*, 10 B.R. 57, 59–60 (Bkrtcy.S.D.Ohio 1981). Each violation of the stay must be considered in its entirety, with due consideration given to the underlying facts, prior to a finding of contempt. *Porter*, 25 B.R. at 427. The power of contempt should generally be reserved for action evincing a contumacious frame of mind. *Revere Copper Products, Inc. v. Hudson River Sloop Clearwater, Inc. (In Re Revere Copper*

*and Brass, Inc.)*, 29 B.R. 584, 589 (Bkrtcy. S.D.N.Y.1983). *First National Bank of Louisville v. Hurricane Elkhorn Coal Corp. (In Re Hurricane Elkhorn Coal Corp. II)*, 19 B.R. 609, 621 (Bkrtcy.W.D.Ky. 1982). Under the facts of this case we do not believe that Evans conduct was contumacious and we will deny the cause of action for contempt.

■■ It appears from the record that the debtor was discharged on February 18, 1983. Section 362(c) of the Code provides that:

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

\* \* \* \* \* \*

(C) if the case is a case under chapter 7 of this title concerning an individual ... the time a discharge is granted or denied.

Accordingly, we see no point in continuing the temporary injunction and will vacate it so that the master in divorce may proceed to adjudicate the monetary issues involved.

---

**2.** In pertinent part § 362(a) states as follows:
  § 362. Automatic stay
    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.