In re Clinton RHYNE and Anna
Rhyne, Debtors.

Clinton RHYNE and Anna
Rhyne, Plaintiffs,

v.

Mamie CUNNINGHAM, Individually and
as Administratrix of the Estate of Jef-
frey Cunningham, Deceased, and James
R. Moyles, Esquire, and Feinberg & Sil-
va, Defendants.

Bankruptcy No. 84–01956G.
Adv. No. 85–0413G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 8, 1986.

Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for debtors/plaintiffs, Clinton Rhyne and Anna Rhyne.

James R. Moyles, Philadelphia, Pa., for James R. Moyles, defendant.

Felix P. Gonzalez, Feinberg & Silva, Philadelphia, Pa., for defendants, Mamie Cunningham, Individually and as Administratrix of the Estate of Jeffrey Cunningham, Deceased, and Feinberg & Silva.

Samuel M. Brodsky, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue under scrutiny is whether a creditor who violates the permanent injunction of 11 U.S.C. § 524(a) of the Bankruptcy Code ("the Code") barring the collection of a discharged debt, may be held in civil contempt for that conduct and be surcharged attorneys' fees. We hold that a violation of § 524(a) may be redressed through contempt and the exaction of attorneys' fees.

We summarize the facts of this case as follows:[1] Several years ago Mamie Cunningham ("Cunningham") commenced in state court, through her counsel, James R. Moyles ("Moyles"), of the firm of Feinberg & Silva ("Feinberg"), a wrongful death action against the debtors and Anthony Rhyne. The debtors then filed for relief under chapter 7 of the Code. During the pendency of the state court action the debtors' counsel informed Moyles and the state court that the chapter 7 petition had been filed. Several months later we granted the debtors a discharge of their debts. Notwithstanding the entry of said discharge, Moyles thereafter proceeded to trial in state court and obtained judgment against the debtors.

The debtors filed the instant complaint requesting that the judgment be stricken, that the defendants be held in contempt and that in the contempt action the defend-

---

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir. 1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. den.*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

ants be held liable to the debtors for attorneys' fees. The complaint was served on Cunningham and Feinberg & Silva, but not on Moyles. After the date for answering the complaint had passed without an answer being filed by the defendants, the debtors filed a *praecipe* for the entry of default. Several days later the defendants answered the complaint and filed an "answer to plaintiffs' motion for the entry of judgment by default" although no *motion* for such relief had previously been filed. At that time the defendants also filed a praecipe in state court to mark satisfied the judgment against the debtors. The judgment against Anthony Rhyne apparently remains outstanding. The debtors then filed a motion requesting default judgment, or in the alternative, summary judgment in the instant matter.

On the filing of a petition for relief under the Code, a stay automatically arises to bar certain debt collection efforts against the debtor, his property and property of the bankruptcy estate. 11 U.S.C. § 362(a). The later entry of an order of discharge operates as a permanent injunction against the collection of discharged debts. 11 U.S.C. § 524(a).[2] The continuation of a law suit to reduce a claim to judgment violates both the automatic stay of § 362(a)(1) and the permanent injunction of § 524(a)(2).

Actions taken in violation of the automatic stay are generally void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982); *Emerson Quiet Kool Corp. v. Marta Group, Inc.* (In re Marta Group, Inc.), 33 B.R. 634, 639 (Bankr.E.D. Pa.1983). Violation of the automatic stay may be redressed through an action for civil contempt. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, (2d Cir.1976), *cert. den.*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Since the proscription of § 524(a) is, like § 362(a), an injunction, we hold that transgressions against § 524(a) may also be vindicated in a proceeding for civil contempt. *Jones v. Jones* (In Re Jones), 38 B.R. 690 (Bankr. N.D. Ohio 1983); *Whitaker v. Lockert* (In Re Whitaker), 16 B.R. 917, 923 (Bankr.M.D. Tenn.1982); *In Re Holland*, 21 B.R. 681 (Bankr.N.D.Ind.1982); *In Re Batla*, 12 B.R. 397 (Bankr.N.D.Ga.1981); 3 *Collier on Bankruptcy* § 524.01, p. 524–9 (15th ed.1985).

The violation of an injunction will not support a finding of contempt in all cases. *Porter v. Goodyear Employees Credit Union* (In Re Porter), 25 B.R. 425, 427 (Bankr.D.Vt.1982); *Springfield Bank v. Caserta* (In Re Caserta), 10 B.R. 57 (Bankr.S.D.Ohio 1981). Also, "a person cannot be held in contempt of an order about which the person had no knowledge." *Camelia*, 550 F.2d at 51. In order to prevail on an action for contempt the moving party must prove his case by clear and convincing evidence rather than by the usual standard of a preponderance of the evidence. *Schauffler v. Local 1291, International Longshoremen's Ass'n*, 292 F.2d

---

2. § 524. Effect of discharge

  (a) A discharge in a case under this title—

    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived.

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

    (3) operates as an injunction against the commencement or continuation of an action,

the employment of process, or an act, to collect or recover from, or offset against property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523 or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a).

182 (3d Cir.1961); *Quniter v. Volkswagen of America,* 676 F.2d 969, 974 (3d Cir.1982). As the United States Court of Appeals for the Third Circuit stated:

> The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by clear and convincing evidence, and where there is ground to doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt.

*Quinter,* 676 F.2d at 974 (quoting *Fox v. Capital Co.,* 96 F.2d 684, 686 (3d Cir.1938). "Each violation of the stay must be considered in its entirety, with due consideration given to the underlying facts, prior to a finding of contempt." *Ramage v. Ramage* (In Re Ramage), 39 B.R. 37, 39 (Bankr. E.D.Pa.1984). "The power of contempt should generally be reserved for action evincing a contumacious frame of mind." *Id.; Revere Copper Products, Inc. v. Hudson River Sloop Clearwater, Inc.* (In Re Revere Copper and Brass, Inc.), 29 B.R. 584, 589 (Bankr.S.D.N.Y.1983); *Mack v. Com. of Pennsylvania Dept. of Public Welfare* (In Re Mack), 46 B.R. 652, 657 (Bankr.E.D.Pa.1985); *In Re Ram Mfg. Inc.,* 45 B.R. 663, 667–68 (Bankr.E.D.Pa.1985).

Applying these authorities to the instant case, we conclude that Moyles, a person learned in the law, violated § 524(a) by continuing with the state court suit, knowing that the debtors had filed their chapter 7 petition. Although no judgment can be entered against Moyles since he was not served with the complaint, his actions are attributable to his firm and it can be held liable.

As to Moyles' client, Cunningham, there is no evidence of record indicating that she directed Moyles to take his contemptuous course or that she even knew of it. Thus, as to Cunningham, the motion for summary judgment must be denied. Although Cunningham did not timely answer the debtors' complaint, we will also deny the debtors' motion for default judgment against her since the United States Court of Appeals for the Third Circuit has voiced its reluctance to the entry of that form of relief. *Hritz v. Woma Corp.,* 732 F.2d 1178 (3d Cir.1984).[3]

We have rejected Feinberg's argument against the imposition of liability on its proffered basis that neither the defendants nor the state court had "proof" of the filing of the debtors' petition. By proof, Feinberg apparently means a certified copy of the bankruptcy petition or the discharge order. Feinberg has attempted to brace his position with the assertion that the state court would have dismissed the action against the debtors if the requisite "proof" had been presented. We conclude that Feinberg's stance is meritless since actual knowledge of the filing of the petition and concomitant knowledge of the stay are sufficient bases from which to conclude that a party knowingly violated the stay. Receipt of formal, certified documents evincing the filing of the petition is not necessary.

We will, accordingly, enter an order granting the motion for summary judgment against Feinberg but deny such relief against Cunningham. With this entry of judgment against Feinberg for civil contempt, we will also hold the partnership

---

**3.** It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. As Justice Harlan explained in the parallel context of sanctions for failure to prosecute a claim, a trial court's discretion to dismiss a complaint is a power of "ancient origin" that has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). This discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.

Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies. The exercise of such jugment does not lend itself to a rigid formula or to a per se rule. *Hritz v. Woma Corp.,* 732 F.2d at 1180–81 (some cites omitted).

liable to the debtors for attorneys' fees and in our order we will schedule a hearing to determine the amount of the award. Since the debtors admit that Moyles was never served with the complaint, we will *sua sponte* dismiss the complaint against him.