In re Elwood M. McCULLOUGH, Rose McCullough, Debtors.

Bankruptcy No. 80–03263G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 25, 1986.

Mitchell W. Miller, Miller & Miller, Philadelphia, Pa., for the debtors, Elwood M. McCullough, Rose McCullough.

Edward S.G. Dennis, Jr., U.S. Atty., Philadelphia, Pa., Virginia R. Powel, Internal Revenue Service, Philadelphia, Pa. Attn: Special Procedures Dist. Counsel, I.R. Service, Philadelphia, Pa. Dist. Director, I.R.S., Philadelphia, Pa., for U.S.

James J. O'Connell, Philadelphia, Pa., for trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The query posed in the case at hand is whether we should hold the Internal Revenue Service ("IRS") in civil contempt for having erroneously sent the debtors a notice of overdue prepetition taxes during the pendency of the debtors' bankruptcy case. For the reasons set forth below, we will hold the IRS in contempt.

The facts of this controversy are as follows:[1] The debtors filed a petition for re-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

payment of their debts under chapter 13 of the Bankruptcy Code ("the Code") and subsequently, a plan for repayment of their obligations, which provided for full payment to the IRS on a tax claim. The debtors duly complied with the terms of the plan and we accordingly entered an order discharging them.

Due to some inexplicable error, one of the IRS tax computers informed that taxing authority that the debtors owed $505.00 in unpaid interest which had accrued on previously unpaid taxes. The manifestation of this error halted the processing of a federal tax refund of several hundred dollars which was owed to the debtors. The IRS then mailed the debtors IRS form 8126 (Rev. 12–84), the text of which is reproduced in a footnote.[2] Due to the substance and tenor of the missive, the debtors promptly notified counsel who, in turn, contacted the IRS. The IRS reviewed the debtors' tax history and discovered that all past taxes had been paid in full and that the debtors were entitled to the tax refund.

The debtors filed the instant motion requesting that the IRS be held in civil contempt and that they be awarded compensatory damages for losses suffered as a result of the alleged contempt, to wit, attorneys' fees in the amount of $550.00 for services expended in rectifying the problem with the IRS. The defense offered by the IRS is that the offense is trifling and hypertechnical.

■■■ An action for civil contempt is a proper vehicle for redressing transgressions against 11 U.S.C. § 362(a). *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976), *cert. den.,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1976). Section 362(a) gives rise to the automatic stay in bankruptcy. This stay terminates as to acts, other than acts against property of the estate, on the entry of a debtor's discharge. § 362(c)(2). The prohibition of § 362(a) dovetails with the injunction provided by 11 U.S.C. § 524(a)[3]

2. [Dear debtors,]
\* \* \* \* \* \*
ALTHOUGH NOTICES AND DEMAND HAVE BEEN MADE FOR PAYMENT OF YOUR FEDERAL TAX LIABILITY SHOWN BELOW, WE HAVE NO RECORD OF RECEIVING THE AMOUNT DUE. THIS IS YOUR FINAL NOTICE BEFORE WE PROCEED WITH ENFORCEMENT ACTION. THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF OUR INTENTION TO LEVY UPON YOUR PROPERTY OR RIGHTS TO PROPERTY IN ACCORDANCE WITH SECTION 6331 OF THE INTERNAL REVENUE CODE.
TO PREVENT SUCH ACTION, SEND US, WITHIN 10 DAYS FROM THE DATE OF THIS NOTICE, YOUR CHECK OR MONEY ORDER FOR THE TOTAL AMOUNT DUE, PAYABLE TO THE INTERNAL REVENUE SERVICE. SHOW YOUR TAXPAYER IDENTIFYING NUMBER (SOCIAL SECURITY OR EMPLOYER IDENTIFICATION NUMBER) ON IT AND ENCLOSE THE BOTTOM PART OF THIS NOTICE TO ASSURE PROMPT AND ACCURATE CREDIT. AN ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE.
IF YOU HAVE RECENTLY PAID THE AMOUNT DUE BUT YOUR PAYMENT HAS NOT BEEN CREDITED TO YOUR ACCOUNT, OR IF YOU CANNOT PAY THIS AMOUNT IN FULL, CONTACT THE OFFICE SHOWN ABOVE WITHIN 10 DAYS FROM THE DATE OF THIS NOTICE. THE TELEPHONE NUMBER IS SHOWN ABOVE.

IF WE DO NOT RECEIVE YOUR PAYMENT OR IF YOU DO NOT CONTACT OUR OFFICE, ENFORCEMENT ACTION MAY BE TAKEN AT ANY TIME AFTER 10 DAYS FROM THE DATE OF THIS NOTICE WITHOUT ANY FURTHER NOTICE TO YOU. A NOTICE OF FEDERAL TAX LIEN MAY BE FILED WHICH CONSTITUTES PUBLIC NOTICE TO YOUR CREDITORS THAT A TAX LIEN EXISTS AGAINST YOUR PROPERTY. SALARY OR WAGES DUE YOU MAY BE LEVIED UPON, AS PROVIDED BY SECTION 6331 OF THE INTERNAL REVENUE CODE. BY SERVING A NOTICE OF LEVY ON YOUR EMPLOYER, BANK ACCOUNTS, RECEIVABLES, COMMISSIONS, OR OTHER KINDS OF INCOME YOU HAVE ARE ALSO SUBJECT TO LEVY. PROPERTY OR RIGHTS TO PROPERTY, SUCH AS AUTOMOBILES, MAY ALSO BE SEIZED AND SOLD TO SATISFY YOUR TAX LIABILITY.
\* \* \* \* \* \*

3. § 524. Effect of discharge
(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to col-

which arises on the issuance of an order of discharge. § 524(a). Section 524(a) provides a permanent injunction against the collection of discharged debts. We recently held that a debtor aggrieved by a violation of § 524 could seek recourse through an action for civil contempt in the same manner that one seeks relief for violations of § 362(a). *Rhyne v. Cunningham (In re Rhyne)*, 59 B.R. 276 (Bankr.E.D.Pa.1986). As a general matter, a violation of § 362(a) or § 524(a) will not support a finding of contempt in all cases. *Mack v. Com. of Penna., Dept. of Public Welfare (In Re Mack)*, 46 B.R. 652, 657 (Bankr.E.D.Pa. 1985). Also, a person cannot be held in contempt of an order about which the person had no knowledge. *Camelia*, 550 F.2d at 51; *In re Hardy*, 39 B.R. 64, 66 (Bankr. E.D.Pa.1984). In order to prevail on an action for contempt the moving party must prove his case by clear and convincing evidence rather than by the usual standard of a preponderance of the evidence. *Schauffler v. Local 1291, International Longshoremen's Assoc.*, 292 F.2d 182 (3d Cir. 1961); *Quinter v. Volkswagon of America*, 676 F.2d 969, 974 (3d Cir.1982). As the United States Court of Appeals for the Third Circuit stated:

> The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by clear and convincing evidence, and where there is ground to doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt.

*Fox v. Capital Co.*, 96 F.2d 684, 686 (3d Cir.1938). Each violation of an injunction must be considered in its entirety, with due consideration given to the underlying facts, prior to a finding of contempt. *Ramage v.*

*Ramage (In re Ramage)*, 39 B.R. 37, 39 (Bankr.E.D.Pa.1984).

 Under the facts of this case, the debtors established, prima facie, that the IRS wrongfully sent them a demand for payment during the pendency of their bankruptcy case although the debt had been paid in full. This shifted the burden of producing evidence to the IRS to establish the transmission of the letter was reasonable. This they failed to do. We will accordingly hold the IRS in contempt and assess damages, in the form of counsel fees, to the debtors, in the amount of $550.00.

---

lect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523 or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
11 U.S.C. § 524(a).