**In re Jack V. MILLER and Sandra Miller, Debtors.**

**Bankruptcy No. 87–20343.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

March 30, 1989.

Glenda Hardigg, Atlanta, for debtors.

Ann Reid, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter is before the court on the Debtors' motion, filed May 26, 1988, for an order directing the Trustee to disburse exempt funds. The United States filed an objection to the motion for disbursement. The government's objection to the disbursement is based upon a Notice of Levy delivered to the Trustee February 1, 1988.

Debtors contend the Bankruptcy Court has no authority over the exempt funds and must therefore turn the funds over to them. The United States contends it has a valid lien on the funds as proceeds from a sale of real property upon which the United States had a valid tax lien. The government further alleges it has the right to levy on the proceeds in the possession of the Trustee.

## STATEMENT OF FACTS

Debtors underpaid their income taxes for the period ending December 31, 1984, by the principal sum of $71,097. Likewise, Debtors underpaid their income taxes for the period ending December 31, 1985, by $16,924. The Internal Revenue Service (hereinafter the "Service") filed a Notice of Federal Tax Lien for the underpayment of the 1984 taxes on January 13, 1986, with the Clerk of Court in Forsyth County, Georgia. On July 8, 1986, the Service filed a similar notice for the underpayment of the 1985 income taxes. Debtors are residents of Forsyth County, Georgia, and own a personal residence known as Lot 35, Unit 1, Deer Creek Shores, also known as 1002 Lanier Drive, Cumming, Forsyth County, Georgia. At the time the Service filed the tax liens, Debtors also owned real estate in the county known as Lot 137, Section D, Deerwood Subdivision (hereinafter the "Deerwood Property").

On December 16, 1986, the Service issued a Notice of Seizure against the Deerwood Property. Debtors transferred their interest in the Deerwood Property to the Ser-

vice on March 5, 1987. The Service sold this property for $7,933.01.

On January 27, 1987, the Service issued a Notice of Seizure against Debtors' residence. On July 1, 1987, the Service issued a Notice of Public Auction Sale of Debtors' residence. The sale was scheduled to take place July 14, 1987. Debtors filed for relief under Chapter 7 of the Bankruptcy Code July 6, 1987. The petition for relief included a claim that their residence qualified as a homestead exemption. The petition also indicated Debtors owed $79,061.70 on their 1984 income taxes and $17,421.30 on their 1985 income taxes.

The Trustee filed and served a Notice of Sale on October 9, 1987. This notice set forth that the sale was to "be free and clear of all liens and encumbrances, with same, if valid, attaching to the proceeds of sale"[1]. The notice also provided, however, that the sale was "contingent upon the sellers being able to negotiate with the IRS to release their lien for a sum of $75,-000.00."

Following a hearing held October 30, 1987, the court entered an order December 16, 1987 approving the sale of Debtors' residence for $237,000.00. This order did not specify that the sale was free and clear of liens and encumbrances or that such valid liens would attach to the proceeds of the sale. The actual sale of the property was closed December 16, 1987. Of the $235,000.00 proceeds, the Internal Revenue Service received $82,200.04. Trustee received $7,100.00 as a fee and $7,500.00 which was earmarked as being a homestead exemption.

On December 9, 1987, the Service issued a Certificate of Discharge of Property from Federal Tax Lien. The Certificate of Discharge was properly filed with the Forsyth County Clerk of the Court December 28, 1987. The Discharge provided:

"[T]he District Director of Internal Revenue has determined that the value of the interest of the United States in the ... property, under and by virtue of its aforesaid tax lien, amounts to the sum of

1. *See* 11 U.S.C. § 363(f).

Eighty-two Thousand Two Hundred Dollars and Four Cents ($82,200.04) and has authorized the issuance, under the provisions of [28 U.S.C.] Section 6325(b)(2)(A) of a certificate discharging the above-described property from the tax lien of the United States upon the payment of the sum of Eighty-two Thousand Two Hundred Dollars and Four Cents ($82,200.04) to be applied in part satisfaction of the liability in respect of the tax hereinbefore stated which sum had been paid to be so applied, and the receipt of which sum by me is hereby acknowledged; Paul Williams.

On February 1, 1988, the Service served a Notice of Levy on the Trustee. This levy provided that it was to become effective upon discharge of Debtor from bankruptcy. The total amount claimed to be owed was $38,345.15. The Notice of Levy also contained the following sentence: "It specifically attaches to the homestead exemption of $7,500.00 due taxpayer from the sale of real estate."

On May 26, 1988, Debtors moved to have the homestead exemption funds disbursed to them. In the Trustee's response filed June 1, 1988, the Trustee requested direction from the court as to the disbursement of funds.

The Service contends it has a valid lien on the proceeds of the sale of the real estate. The Service shows it filed two Notice(s) of Federal Tax Lien on the subject property prior to Debtors' filing for Chapter 7 relief. Additionally, the Service contends that exempt property of the Debtor is subject to properly filed tax liens.

## CONCLUSIONS OF LAW

■ Section 522(c)(2)(B) of the Bankruptcy Code provides that a properly filed tax lien may be collected from exempt property. *See also, United States v. Heffron,* 158 F.2d 657 (9th Cir.) *cert. denied,* 331

U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845 (1947). The evidence, however, shows the Service no longer holds a perfected tax lien against Debtors' property. The Certificate of Discharge which the Service issued in connection with the Trustee's sale of Debtors' residence stated it released the federal tax liens filed against the Debtors. This Certificate of Discharge was issued pursuant to 26 U.S.C. § 6325(b)(2), which authorizes the Service to issue such certificates of discharge in exchange for value that is equivalent to "the interest of the United States in the part to be so discharged." Section 6325(b)(3), upon which the Service elected not to rely, authorizes the Service to issue a discharge of a tax lien to property, but expressly allows the Service's lien to attach to the proceeds of the sale.[2] Instead, by discharging the tax liens pursuant to § 6435(b)(2), the Service relinquished its preferred status as the holder of a tax lien.

Pursuant to 26 U.S.C. §§ 6321–6322, a tax lien arises at the time of the assessment of the deficiency against the taxpayer. The lien continues until the tax liability is satisfied or becomes unenforceable. The lien is unsecured, however, until it is properly filed in accordance with § 6323(f). An unperfected tax lien is a statutory lien as defined by 11 U.S.C. § 101(47) because it is a lien which arises "solely by force of a statute on specified circumstances or conditions" and is not based upon an agreement to give a lien or upon judicial action.

Section 6323(a) provides that a tax lien "shall not be valid against any purchaser, holder of a security interest, mechanic's lien, or judgment lien creditor until notice thereof" has been filed. The proper place for filing a tax lien on real or personal property is the office which the taxpayer's state of residence has designated for that property. 26 U.S.C. § 6323(f)(1). [In Georgia, the proper place for filing a tax lien as

**2.** Section 6325(b)(3) provides:
Subject to such regulations as the Secretary or his delegate may prescribe, the Secretary or his delegate may issue a certificate of discharge of any part of the property subject to the lien if such part of the property is sold and, pursuant to an agreement with the Secre-

tary or his delegate, the proceeds of such sale are to be held, as a fund subject to the liens and claims of the United States, in the same manner and with the same priority as such liens and claims had with respect to the discharged property.

to personal property is the county of residence of the individual. *See* the Official Code of Georgia Annotated (hereinafter "OCGA") at § 11–9–401.³] As to interests in real property, the proper location for filing is the county wherein the real estate is located. OCGA § 44–2–1. The evidence before the court is that the Service filed two tax liens in Forsyth County, which is the Debtors' county of residence. The evidence also shows that the Service discharged these liens.

The Service continues to hold a lien against Debtors for any unpaid taxes because 26 U.S.C. § 6322 provides that a tax lien remains effective until satisfied. The delinquent taxes have not been fully paid; therefore, the lien remains effective. The lien the Service holds, however, is unsecured because the Service discharged the liens. Thus, the Service holds the equivalent of an unperfected statutory lien⁴. The liens are nondischargeable pursuant to 11 U.S.C. § 523(a)(1). Additionally, the Service has a seventh priority claim pursuant to 11 U.S.C. § 507(a)(7).

■ Despite the favored position of the Service, it now seeks to levy on the exempt property of Debtors while the case is still pending. The Service asserts that its levy on these funds may take place without court approval. The Service ignores, however, the automatic stay provisions of 11 U.S.C. § 362(a)(5):

> [A] filed petition … operates as a stay, applicable to all entities of … any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

The only exception to the automatic stay which might be applicable to the Service is the provision that a governmental unit may issue a notice of tax deficiency. 11 U.S.C. § 362(b)(9). In a Chapter 7 case, the automatic stay remains in effect, pursuant to § 362(c)(2), until the case is closed, dismissed or a discharge is granted, or until relief from the stay is granted pursuant to § 362(d). The instant case is neither closed, dismissed nor has a discharge been granted. The Service has not moved for relief from the automatic stay.

■ The automatic stay was designed by Congress to provide the Debtor "a breathing spell from his creditors," H.R.Rep. No. 95–595, 95th Cong, 1st Sess. 174 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6135, as well as provide equal footing for all creditors:

> [Section 362(a)(5) ] stays any act to create or enforce a lien against property of the debtor, that is, most property that is acquired after the date of the filing of the petition, property that is exempted, or property that does not pass to the estate, to the extent that the lien secures a pre-petition claim. Again, to permit post bankruptcy lien creation or enforcement would permit certain creditors to receive preferential treatment. It may also circumvent the debtor's discharge.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong, 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5836, 6298. The stay is applicable to all claims, even nondischargeable and priority claims, unless excepted by § 362(b), which, as discussed above, is not applicable in the instant case.

An attempt to levy on the Trustee is an attempt by the Service to enforce against property of Debtors a lien which secures a prepetition claim. Thus, the Service's levy is a clear and overt violation of the automatic stay.⁵ To effectively levy on Debt-

---

**3.** OCGA § 11–9–401 creates special rules as to fixture filings and filings that include crops as collateral. Neither of these types of items appear to be an issue in this case.

**4.** Pursuant to 11 U.S.C. § 545(2), the Trustee may avoid Respondent's lien:

> The Trustee may avoid the fixing of a statutory lien on property of the Debtor to the

extent that such lien … is not perfected … at the time of the commencement of the case … *See also, In Re Dunne Trucking Co.,* 32 B.R. 182 (Bankr.N.D.Iowa 1983). The Trustee has made no attempt, however, to avoid these liens.

**5.** The Service has been held in contempt for violating the automatic stay in other cases. *See In Re Hebert,* 61 B.R. 44 (Bankr.W.D.La.1986); *In Re McCullough,* 63 B.R. 97 (Bankr.E.D.Pa.

ors' property, the Service must first request relief from the automatic stay. Because the Service failed to do so, the Notice of Levy served on the Trustee is a nullity. In the absence of a valid levy, no ground for objection to disbursal of the funds claimed exempt remains.

Accordingly, it is hereby

ORDERED that Debtors' motion to order Trustee to disburse exempt funds to Debtors is GRANTED.

IT IS SO ORDERED.

1986), *In Re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641 (Bankr.N.D.Fla.1987).