894 F.2d 371
 20 Bankr.Ct.Dec. 56, Bankr. L. Rep. P 73,214
 Keith ELLIS, Linda Ellis, Thomas L. Curry, Dennis Hodnett,
and Sandra W. Hodnett, Plaintiffs-Appellants,
v.
CONSOLIDATED DIESEL ELECTRIC CORPORATION, a foreign
corporation; Condec Corporation, a foreign
corporation; Defendants,
and
Vought Corporation and LTV Corporation, Defendants-Appellees.
 No. 88-2424.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 18, 1990.
 
 Gene Stipe and Anthony M. Laizure of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, and Larry L. Oliver & Associates, Tulsa, Okl., for plaintiffs-appellants.
 William L. Neary, Dallas, Tex., for defendants-appellees.
 Before McKAY, SEYMOUR and TACHA, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiffs Keith Ellis, Linda Ellis, Dennis Hodnett, Sandra Hodnett, and Thomas Curry filed a personal injury claim against defendants LTV Corporation, Vought Corporation (subsequently known as LTV Aerospace and Defense Company), and two other manufacturers not part of this appeal. On August 1, 1986, the district court granted defendants' summary judgment motion. On September 9, 1988, plaintiffs filed a notice of appeal. We directed the parties to address whether the notice of appeal was timely filed. We now decline to rule on this issue, concluding instead that the judgment of the district court was entered in violation of the automatic stay provision of section 362 of the Bankruptcy Code, 11 U.S.C. Sec. 362 (1982). We therefore do not have a properly entered final judgment in favor of LTV and Vought from which plaintiffs may appeal. See 28 U.S.C. Sec. 1291 (1982).[1]
 
 I.
 
 2
 This case arose as a products liability action based on the allegations of plaintiffs, who were members of the Oklahoma National Guard and were on active duty, that an Army transport vehicle known as the "Gama Goat" was defectively designed and manufactured, and that its defects caused injuries to the plaintiffs. On July 17, 1986, two of the manufacturers, LTV and Vought, filed petitions for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to the automatic stay provision of the Code, the Bankruptcy Court for the Southern District of New York entered a restraining order preventing all entities from "commencing or continuing ... any judicial ... proceeding against any of the Debtors." Bankruptcy Court Order at 3. Some two weeks later, the district court in this action sustained defendants' summary judgment motions and, accordingly, entered judgment. The basis for granting summary judgment was the application of the so-called government contract defense.[2] Because of the automatic stay provision, plaintiffs filed an immediate notice of appeal only as to the two manufacturers who did not file for bankruptcy. That appeal proceeded separately from this one and has been resolved.
 
 
 3
 At the time of the entry of judgment for defendants LTV and Vought, the stay of judicial proceedings had not been modified or terminated. Shortly thereafter, plaintiffs filed a motion for relief from the automatic stay, and in response the bankruptcy court ordered that the stay would remain in place only until the Supreme Court denied the applications for writs of certiorari in four cases addressing the government contract defense or, if it granted writs of certiorari, until the Supreme Court decided the cases before it. The Supreme Court did grant certiorari in one case, and it issued its opinion on June 27, 1988. See Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). The Court denied certiorari in the other cases on June 30, 1988. See Grumman Aerospace Corporation v. Shaw, --- U.S. ----, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988); Dowd v. Textron, Inc., --- U.S. ----, 108 S.Ct. 2897, 101 L.Ed.2d 930 (1988); Tozer v. LTV Corporation, --- U.S. ----, 108 S.Ct. 2897, 101 L.Ed.2d 931 (1988). The plaintiffs filed their notice of appeal herein on September 9, 1988.
 
 
 4
 Defendants argue that the notice is untimely because, by its terms, the automatic stay was lifted June 30, 1988, when the Supreme Court denied certiorari in the remaining cases. Consequently, plaintiffs had thirty days, or until July 30, 1988, to file their notice of appeal. See 11 U.S.C. Sec. 108(c) (1982). Plaintiffs contend that, because of the automatic stay then in effect, the district court lacked jurisdiction to enter the order granting summary judgment. Consequently, plaintiffs reason, there was not and still is not a final judgment in favor of LTV and Vought from which they could appeal.
 
 II.
 
 5
 According to the automatic stay provisions of section 362, all proceedings[3] against a debtor are stayed upon the debtor's filing of a petition for bankruptcy. 11 U.S.C. Sec. 362(a)(1). It is well established that any action taken in violation of the stay is void and without effect. Kalb v. Feuerstein, 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940) ("the action of the ... court was not merely erroneous but was beyond its power, void, and subject to collateral attack"); Meyer v. Rowen, 181 F.2d 715, 716 (10th Cir.1950); In re Sambo's Restaurants, Inc., 754 F.2d 811, 816 (9th Cir.1985); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982); 2 Collier on Bankruptcy Sec. 362.11 (15th ed. 1989).
 
 
 6
 While the automatic stay on judicial proceedings generally operates to ensure that a "debtor [is given] a breathing spell from his creditors," the fact that judgment here was entered in favor of the debtor does not change the outcome. As one court noted, "whether a case is subject to the automatic stay must be determined at its inception." Association of St. Croix Condo. Owners v. St. Croix Hotel, 682 F.2d 446, 449 (3rd Cir.1982). The operation of the stay should not depend upon whether the district court finds for or against the debtor.
 
 
 7
 Our ruling today is consistent with that of Pope v. Manville Forest Products Corp., 778 F.2d 238 (5th Cir.1985). In that case, a district court had dismissed a Title VII claim against the defendant after the defendant had filed Chapter 11 proceedings in the bankruptcy court. The Fifth Circuit reversed the lower court, and emphasized that "absent the bankruptcy court's lift of the stay, ... a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding." Id. at 239.
 
 
 8
 One final problem is the lifting of the stay subsequent to the entry of judgment on behalf of defendants. However, the stay on judicial proceedings made the district court's action void; lifting the stay does not change the character of that action. The lifting of the stay thus validates only later judicial proceedings, not prior ones.
 
 
 9
 Because the district court lacked power to enter the order granting summary judgment in favor of LTV and Vought, plaintiffs' attempted appeal was not taken from a final judgment in favor of these defendants.[4] Consequently, we have no jurisdiction over this appeal. See Century Laminating, Ltd. v. Montgomery, 595 F.2d 563, 565-66 (10th Cir.1979), cert. dismissed, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979).
 
 
 10
 The appeal is DISMISSED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 The government contract defense allows a supplier of weapons to the government to escape liability under state law when the supplier has conformed to reasonably precise specifications established or approved by the government, when the supplier has warned the United States about any dangers involved in the use of the equipment about which the supplier has knowledge but the United States does not, and when the United States itself is immune from liability under the Feres doctrine. McKay v. Rockwell International Corp., 704 F.2d 444 (9th Cir.1983), cert. denied, 464 U.S. 1043, 104 S.Ct. 711, 79 L.Ed.2d 175 (1984); In re "Agent Orange" Product Liability Litigation, 534 F.Supp. 1046, 1055 (E.D.N.Y.1982) (discussing public policy rationale of the government contract defense). Subsequent to the district court's order sustaining the motion for summary judgment, the Supreme Court adopted the government contract defense as set out in McKay. See Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 2518, 101 L.Ed.2d 442 (1988)
 
 
 [3]
 There are exceptions to the automatic stay provision, but none of them are applicable to this case. See 11 U.S.C. Sec. 362(b)
 
 
 [4]
 Neither the judgment in favor of the two non-bankrupt manufacturers, nor plaintiffs' subsequent appeal with respect to those defendants, was affected by the bankruptcy stay. See Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1329-30 (10th Cir.1984); Globe Const. Co. v. Oklahoma City Housing Auth., 571 F.2d 1140, 1143-44 (10th Cir.1978). In addition, we are not persuaded that either Texaco Inc. v. Liberty Nat'l Bank & Trust Co., 464 F.2d 389 (10th Cir.1972), or this court's decision as to the bankrupt in Globe Const. Co., 571 F.2d at 1144, is contrary to our conclusion here, because the jurisdictional issue was apparently not raised or noticed in either of those cases