Daniel W. HENDRIX, Appellant–Defendant,

v.

Sara A. PAGE and Marvin E. Page, Appellees–Plaintiffs,

and

Randall Kelshaw, Appellee–Defendant.

No. 72A01–9306–CV–213.

Court of Appeals of Indiana, First District.

Oct. 28, 1993.

Donald D. Levenhagen, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for appellant-defendant.

E. Gerry Barker, Jeffersonville, for appellees-plaintiffs.

NAJAM, Judge.

### STATEMENT OF THE CASE

Daniel Hendrix appeals from an order granting Sara and Marvin Page relief from judgment under Trial Rule 60(B). Hendrix filed a bankruptcy petition, and while his bankruptcy was pending the Pages filed a personal injury action against him in the Scott Circuit Court. After Hendrix was discharged in bankruptcy, the trial court granted his motion for summary judgment against the Pages based on the discharge. The Pages secured a modification of the discharge injunction from the bankruptcy court, which both the United States District Court and the Court of Appeals for the Seventh Circuit affirmed. The trial court then granted the Pages' motion for relief from judgment and reinstated the Pages' personal injury action against Hendrix. We reverse.

### ISSUE

We restate the issues raised by Hendrix on appeal as one, dispositive issue: whether the trial court erred when it determined that the Pages were entitled to relief from judgment under Trial Rule 60(B).

### FACTS

On April 6, 1990, Sara Page sustained bodily injuries in an automobile accident with Hendrix in Clark County. On June 5, 1990, Hendrix filed a Chapter 7 bankruptcy petition, and on June 21, 1990, Sara and her husband, Marvin, filed a complaint for personal injuries and loss of consortium against Hendrix in the Scott Circuit Court.

On July 13, 1990, Hendrix amended his schedule of bankruptcy creditors by adding the Pages as creditors having disputed claims, and on September 12, 1990, the United States Bankruptcy Court for the Southern District of Indiana issued an order discharging Hendrix's scheduled debts.

■ Hendrix then filed a motion for summary judgment in the Scott Circuit Court and alleged as grounds for his motion that the Pages' claims against him had been discharged in bankruptcy. The Scott Circuit Court granted Hendrix's motion and entered summary judgment against the Pages on May 22, 1991. On September 13, 1991, the Pages secured an order from the bankruptcy court which modified the discharge injunction.[1] The modification permitted the Pages to pursue an action against Hendrix to the extent of the proceeds of his liability insurance. On March 5, 1992, Judge Dillin of the United States District Court for the Southern District of Indiana affirmed the bankruptcy court's order by memorandum opinion, and on February 17, 1993, the United States Court of Appeals for the Seventh Circuit, in an opinion written by Judge Posner, also affirmed. *In the Matter of Hendrix* (7th Cir.1993), 986 F.2d 195.

On May 28, 1992, the Pages filed a motion for relief from judgment in the Scott Circuit Court pursuant to Trial Rule 60(B). After the Seventh Circuit affirmed the bankruptcy court's modification of the discharge injunction in *Matter of Hendrix*, the Pages alleged they were entitled to relief from judgment because the court's holding in *Matter of Hendrix* removed the legal predicate for the summary judgment. The Scott Circuit Court agreed, granted relief and ordered that the Pages' complaint be reinstated. Hendrix now appeals from the reinstatement. We will state other material facts where needed.

---

**1.** The discharge has the force of an injunction against a suit brought by any holders of listed debts to collect those debts from the debtor. *In the Matter of Hendrix* (7th Cir.1993), 986 F.2d 195, 197 (citing 11 U.S.C. § 524(a)(2)). The

## DISCUSSION AND DECISION

### *Standard of Review*

■ When a trial court grants a motion for relief from judgment pursuant to Trial Rule 60(B), we will reverse only upon a clear showing that the trial court abused its discretion. *Greengard v. Indiana Lawrence Bank* (1990), Ind.App., 556 N.E.2d 1373, 1375. A trial court abuses its discretion when, after considering the court's decision to grant relief from judgment, we conclude that its action was clearly against the logic and effect of the facts and circumstances before it, or the reasonable inferences that can be drawn from those facts and circumstances. *Id.* Applying this standard, we conclude that the trial court abused its discretion because the relief granted was contrary to Indiana law.

### **Effect of Section 362 Automatic Stay**

This case has accumulated substantial judicial mileage. We are the fifth court to consider these facts, following disposition in the Scott Circuit Court, the United States Bankruptcy Court for the Southern District of Indiana, the United States District Court for the Southern District of Indiana and the United States Court of Appeals for the Seventh Circuit.

■ In this appeal Hendrix claims that the trial court erred when, after the bankruptcy court had modified Hendrix's discharge, the court set aside its summary judgment against the Pages. Hendrix asserts that reinstatement of the Pages' action is barred by the two-year statute of limitations because, when the Pages filed their complaint in state court in June of 1990, their complaint violated the Section 362 automatic stay then in effect and was, therefore, a nullity. Thus, Hendrix reasons that the trial court abused its discretion when it granted relief from judgment on March 11, 1993, in that the statute of limitations had run and the action was

---

Section 524 discharge injunction is a permanent injunction that replaces the Section 362 automatic stay which is extinguished by operation of the discharge. *Green v. Welsh* (2d Cir.1992), 956 F.2d 30, 32.

barred as a matter of law.[2]

■ We begin our analysis by noting that when resolving questions of bankruptcy law, the federal courts cannot decide what effect the filing of a state court action in violation of a bankruptcy stay or injunction has on the running of a state statute of limitations. *See Pettibone Corp. v. Easley* (7th Cir.1991), 935 F.2d 120, 121. That determination is a question of state law. *Id.* However, in order to resolve the effect under state law of a violation of the automatic stay, the state court must defer to the bankruptcy court's determination of whether an act violates the stay. *See Reich v. Reich* (1993), Ind.App., 605 N.E.2d 1178, 1182. The bankruptcy court has exclusive jurisdiction to interpret the application and scope of the automatic stay. *See id.*

■ The Section 362 automatic stay takes effect upon the date of the filing of the bankruptcy petition. *In re Smith* (6th Cir.1989), 876 F.2d 524, 526. The Section 362 stay is broad in scope and "extends to virtually all formal and informal actions against property of the bankruptcy estate." *Id.* Actions taken in violation of the automatic stay are void even if the creditor has no actual, formal or constructive notice of the stay. *See id.; Richard v. City of Chicago* (N.D.Ill.1987), 80 B.R. 451, 453. " 'The filing of the petition operates as notice to the world.' " *Fields v. Demint* (Bankr.W.D.Mo.1989), 107 B.R. 194, 194 (quoting *Matter of Carter* (W.D.Mo.1981), 16 B.R. 481).

Here, Sara Page's accident with Hendrix occurred on April 6, 1990. Hendrix filed his Chapter 7 bankruptcy petition on June 5, 1990, and the Pages filed their complaint naming Hendrix as a defendant in the Scott Circuit Court on June 21, 1990. There is no question that the filing of the Pages' complaint violated the Section 362 automatic stay. The Pages' complaint was a "judicial ... action or proceeding against the debtor

that was or could have been commenced before the commencement of [the bankruptcy case]." 11 U.S.C. § 362(a).

■ As an act in violation of the automatic stay, the Pages' complaint was null and void under Indiana law. *See First Bank of Whiting v. Sisters of Mercy Health Corp.* (1989), Ind.App., 545 N.E.2d 1134, 1139. In other words, the Pages' complaint against Hendrix was void ab initio and was a non-event for statute of limitations purposes. The Pages attempted to revive their action in the Scott Circuit Court when they filed a motion for relief from judgment pursuant to Trial Rule 60(B) on May 28, 1992. Because their motion for relief from judgment sought to reinstate a nullity, we conclude that the trial court erred when it granted the Pages relief.

In asking us to affirm the trial court's order granting them relief from judgment, the Pages rely entirely upon the Seventh Circuit's opinion in the bankruptcy phase of this case, *Matter of Hendrix.* However, the federal court's opinion does not control our determination of the state law question. In *Matter of Hendrix*, the court cited and followed *In the Matter of Shondel* (7th Cir.1991), 950 F.2d 1301, for the principle that an action against the debtor as a nominal defendant to recover insurance proceeds from the debtor's insurer does not violate the Section 524 discharge injunction. *Matter of Hendrix*, 986 F.2d at 197; *Matter of Shondel*, 950 F.2d at 1306–07. "The reasoning is that a suit to collect merely the insurance proceeds and not the plaintiff's full damages (should they exceed the insurance coverage) would not create a 'personal liability of the debtor,' because only the insurance company would be asked to pay anything...." *Matter of Hendrix*, 986 F.2d at 197.

However, the court in *Matter of Hendrix* did not hold that the Pages' state court action against Hendrix was exempt from the automatic stay on the grounds that

---

**2.** Hendrix raised the statute of limitations as an affirmative defense in his response to the Pages' motion for relief from judgment, and he has properly preserved this issue on appeal. *See* Record at 67; *Molargik v. West Enterprises, Inc.*

(1993), Ind.App., 605 N.E.2d 1197, 1199. However, we do not reach the statute of limitations issue until we first determine the operation and effect of the Section 362 automatic stay on the Pages' complaint.

Hendrix was only a nominal defendant in a suit to recover insurance proceeds. Rather, the court interpreted the scope of the discharge injunction and merely observed that the Pages were not prohibited by the discharge injunction from pursuing an action against Hendrix in state court if allowed under state law. Thus, while the Seventh Circuit affirmed the bankruptcy court's order modifying the discharge injunction, it did not purport to decide any questions of state law. *See id.* at 199.

As we have noted above, the Pages had ample opportunity to refile their complaint in state court after the void filing of June 21, 1990. They could have obtained relief from the automatic stay and refiled their action or refiled after Hendrix's discharge but before the statute of limitations had run.[3] Instead, the Pages never refiled their action but attempted to revive an action which was void ab initio when it was filed in the Scott Circuit Court.

An action which is void ab initio cannot be revived. Applying Indiana law to these facts, we hold that because the Pages' action was void when it was filed in 1990, their subsequent motion for relief from judgment could not reinstate their action against Hendrix. Even had the Pages attempted to refile their complaint instead of filing a motion for relief from judgment on May 28, 1992, the refiled action would have also been barred by the statute of limitations.[4]

**3.** If the statute of limitations has run before the discharge, a claimant has thirty days after a debtor is discharged to refile an action which was barred by the automatic stay. 11 U.S.C. § 108(c). Thus, the Bankruptcy Code actually extends the statute of limitations under certain circumstances. Here, the Pages did not need to avail themselves of Section 108 because they had more than eighteen months, from September 12, 1990, until April 6, 1992, in which to refile their complaint.

**4.** We recognize that the Indiana void ab initio rule could yield a harsh result where the debtor conceals the fact that he has filed a bankruptcy petition, and the unsuspecting creditor files an action which is later deemed void and which cannot be refiled because it is barred by the statute of limitations. Courts have recognized equitable exceptions to the enforcement of the automatic stay under such circumstances. *See, e.g., In re Smith* (6th Cir.1989), 876 F.2d 524,

### CONCLUSION

The summary judgment from which the Pages sought relief under Trial Rule 60(B) was entered on a complaint which was void at its inception, and the judgment was itself a nullity. Thus, the trial court's order granting relief from its summary judgment was contrary to law. Relief from a judgment on a complaint upon which no relief can be granted is an abuse of discretion.

The judgment is reversed with instructions to dismiss the complaint with prejudice.

BAKER and STATON, JJ., concur.

526 (debtor does not notify creditor of bankruptcy filing and remains "stealthily silent" while a creditor later violates the stay). Here, we find no bad faith or concealment by Hendrix which would justify relieving the Pages of the two year statute of limitations.

The Seventh Circuit in *Pettibone Corp.* noted that some states like Illinois give plaintiffs additional time to maintain suits against the debtor after the bankruptcy case is closed. *Pettibone Corp.,* 935 F.2d at 121; *see* 735 ILCS 5/13–216 ("When the commencement of an action is stayed by injunction ... the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action"). Indiana, however, has no comparable statute. Even if the statute of limitations were tolled during the pendency of a bankruptcy case, the result in this case would be the same. The Pages' motion for relief from judgment, even if timely, attempted to revive a void action, and a void action cannot be revived.