Daniel W. HENDRIX, Appellant–Defendant,

v.

Sara A. PAGE and Marvin E. Page, Appellees–Plaintiffs,

and

Randall Kelshaw, Appellee–Defendant.

No. 72A01–9306–CV–213.

Court of Appeals of Indiana, First District.

Oct. 4, 1994.

Donald D. Levenhagen, Hill Fulwider McDowell Funk & Matthews, Indianapolis, for appellant.

E. Gerry Barker, Jeffersonville, for appellees.

## ON PETITION FOR REHEARING

NAJAM, Judge.

We deny the Pages' petition for rehearing but once again address the fundamental issue in this case. The Pages contend that their personal injury action against Hendrix in the Scott Circuit Court, filed while the automatic bankruptcy stay was in effect, did not violate the stay. The Pages argue that this court invaded the bankruptcy court's jurisdiction when we "found" in our first opinion that their action violated the stay and held that their complaint was void ab initio. *See* Appellee's Petition for Rehearing at 4; *Hendrix v. Page* (1993), Ind.App., 622 N.E.2d 564, 567.

## Scope of the Automatic Stay

The automatic stay plays a vital and fundamental role in bankruptcy. *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Association* (9th Cir.1993), 997 F.2d 581, 585. The stay is broad in scope. *Id; Maritime Electric Co. v. United Jersey Bank* (3rd Cir. 1991), 959 F.2d 1194, 1203. The stay "is 'automatic' because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed." *Maritime Electric,* 959 F.2d at 1204.

■ The automatic stay is applicable to all claims, even nondischargeable and priority claims, unless a claim falls within one of the exceptions to the stay listed under Section 362(b). *In re Miller* (N.D.Ga.1989), 98 B.R. 110, 113. The Section 362(b) exceptions to the automatic stay are narrowly construed. *Hillis Motors,* 997 F.2d at 590. Here, the Pages' personal injury claim against Hendrix does not even remotely satisfy any of the exceptions to the stay found in Section 362(b).

■ Generally then, unless a creditor's claim is excepted from the automatic stay by Section 362(b), that claim is subject to the stay until the bankruptcy court orders relief from the stay pursuant to Section 362(d). *See* David Epstein, et al., *Bankruptcy* § 3–3, at 87 (1992). The Pages never sought or obtained relief from the automatic stay while it was in effect. Instead, the Pages sought and obtained relief from the discharge injunction after Hendrix's bankruptcy case was closed. *See In Matter of Hendrix* (7th Cir. 1993), 986 F.2d 195.

■ "Whether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding 'at its inception.'" *Maritime Electric,* 959 F.2d at 1204 (quoting *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.* (3rd Cir.1982), 682 F.2d 446, 449). The dispositive question is whether the proceeding was originally brought against the debtor. *Id.* The Pages' complaint named Hendrix, and only Hendrix, as the defendant in an action for personal inju-ries. Despite the Pages' later claim that they sued Hendrix as a nominal defendant to recover proceeds from his insurance policy, their complaint *at its inception* was a proceeding brought against the debtor. Nothing on the face of the Pages' complaint suggests that they were not seeking to recover a money judgment from Hendrix.

Thus, the only conclusion consistent with the foregoing authorities is that the Pages' action against Hendrix in the Scott Circuit Court, filed after Hendrix's bankruptcy petition, violated the automatic stay. Contrary to their assertion, we are not invading the jurisdiction of the bankruptcy court because we are not interpreting the scope of the automatic stay in Hendrix's bankruptcy case. Rather, we are merely observing the clear mandate of the Bankruptcy Code which stays the commencement of a judicial proceeding against the debtor that could have been commenced before the bankruptcy case was filed. *See* 11 U.S.C. § 362(a)(1).

■ In its simplest terms, the Pages' argument both in the Scott Circuit Court and in this court is tantamount to a request that Indiana state courts determine whether the automatic stay should have applied to their action against Hendrix and then to grant relief from the stay. However, it is not for state courts to determine piecemeal whether the bankruptcy stay should apply to a particular action. The Constitution of the United States vests jurisdiction over bankruptcy matters with the federal government, and the Bankruptcy Code preempts state law in its operation and effect. U.S. Const. Art. 1, § 8. Only the bankruptcy court with jurisdiction over the debtor's case has authority to grant relief from the automatic stay. *Maritime Electric,* 959 F.2d at 1204. Administration of the bankruptcy rests with the bankruptcy court, not with Indiana courts.

### Void Not Voidable

■ We agree with the dissent's contention that the bankruptcy court has exclusive jurisdiction to interpret the stay, including the exclusive power to grant relief from the stay. However, we cannot agree with the dissent's conclusion that the Pages' complaint

was not void ab initio but merely voidable because the bankruptcy court subsequently "ratified the validity of the [Pages'] complaint" by modifying the discharge injunction to exclude the Pages' claim from its terms.[1]

■ First, there is a fundamental difference between the broad initial reach of the automatic stay and the more narrow scope of the discharge injunction. The automatic stay applies to the commencement or continuation of any judicial proceeding against the debtor that was or could have been commenced before the bankruptcy case was filed. The discharge injunction, however, applies only to the collection of debts which are a "personal liability of the debtor" and to those debts which are not exempt from discharge. *See* 11 U.S.C. §§ 523, 524(a).

■ This fundamental difference in scope is illustrated by the fact that the automatic stay applies even to claims which are ultimately exempt from discharge. *See Bronson v. United States* (Ct.Cl.1993), 28 Fed.Cl. 756, 760. For example, while the Bankruptcy Code excepts "any debt for a tax" from discharge, an Internal Revenue Service tax assessment made during the pendency of a Chapter 7 bankruptcy case violates the Section 362 automatic stay. *See* 11 U.S.C. § 523(a)(1)(A); *Anglemyer v. United States* (D.Md.1990), 115 B.R. 510, 512. Thus, even a nondischargable tax liability does not exempt the IRS from compliance with the automatic stay. *See Bronson*, 28 Fed.Cl. at 760; *Anglemyer*, 115 B.R. at 512.

Second, a modification of the discharge injunction cannot alter the basic principle of bankruptcy law that an act which violates the automatic stay always violates the stay. For this reason, the dissent's argument that the Seventh Circuit's opinion in *Matter of Hendrix* rendered the Pages' action voidable and not void is erroneous. Unless and until the

bankruptcy court grants relief from the stay or until the case is closed, dismissed or a discharge is granted, the stay remains in effect. *In re Miller* (N.D.Ga.1989), 98 B.R. 110, 113. Absent relief from the stay, judicial actions and proceedings brought against the debtor while the stay is in effect are a nullity and are void ab initio. *See id.* at 113–14; *Maritime Electric*, 959 F.2d at 1206.

■ Even those courts which have held that actions taken in violation of the stay are voidable consider such actions void absent limited equitable circumstances. *See, e.g., Easley v. Pettibone Michigan Corp.* (6th Cir. 1993), 990 F.2d 905, 911 (action in violation of stay is voidable rather than void only where debtor unreasonably withholds notice of stay and creditor would be prejudiced if debtor is able to raise stay as defense, or where debtor attempts to use stay unfairly as shield to avoid an unfavorable result). The dissent makes much of one "equitable consideration," namely that Hendrix participated in discovery in the Pages' state court action both before and after his discharge in bankruptcy. This conduct by Hendrix is not the sort of intentional concealment of a bankruptcy filing by the debtor which is required for equitable relief from the operation and effect of the automatic stay.[2] *See Hendrix v. Page*, 622 N.E.2d at 568 n. 4.

Even if the facts suggest that Hendrix concealed his bankruptcy for a time, the Pages were not prejudiced. The Pages had formal notice of Hendrix's bankruptcy on July 13, 1990, the date when Hendrix amended his schedule of creditors and added the Pages' personal injury claim. Thus, the Pages had either (1) approximately 20 months to refile their action if they had moved, as was their right, to lift the stay to proceed against Hendrix or (2) more than 18

---

1. By the same token, the Pages' reliance on *In Matter of Shondel* (7th Cir.1991), 950 F.2d 1301, and *In re Fernstrom Storage & Van Co.* (7th Cir.1991), 938 F.2d 731, is misplaced. *Shondel* involved relief from the discharge injunction and is inapposite. *Fernstrom Storage* affirmed the bankruptcy court's grant of relief from the automatic stay without deciding that an action against the debtor to obtain the debtor's insurance proceeds does not initially violate the stay.

2. In any event, the great weight of authority in the federal courts holds that actions taken in violation of the automatic stay are void rather than voidable. *See In re Schwartz* (9th Cir.1992), 954 F.2d 569, 572 (citing cases); *Maritime Electric Co. v. United States Jersey Bank* (3rd Cir. 1991), 959 F.2d 1194, 1206 and 1206 n. 10 (same). Otherwise, creditors would be encouraged to violate the stay. *In re Schwartz*, 954 F.2d at 572.

months to refile after Hendrix's discharge. *See Hendrix v. Page*, 622 N.E.2d at 568 n. 3.

### Relief from Stay and the Statute of Limitations

 Any subsequent attempts by the Pages to obtain relief from the stay, and thus from the statute of limitations, by having the stay lifted retroactively are unavailing. Actions taken in violation of the stay are void; lifting the stay does not change the character of that action. *Ellis v. Consolidated Diesel Electric Corp.* (10th Cir.1990), 894 F.2d 371, 373. The lifting of the stay validates only later judicial proceedings, not prior ones. *Id.* After the bankruptcy case is closed, the bankruptcy court has the equitable discretion to lift the automatic stay retroactively. *See* 11 U.S.C. § 105. However, such action by the bankruptcy court does not determine the effect of the automatic stay on a complaint filed in state court while the stay was pending.[3] *See Pettibone Corp. v. Easley* (7th Cir.1991), 935 F.2d 120, 123–24.

The facts and analysis in *Anglemyer v. United States* (D.Md.1990), 115 B.R. 510, apply with particular force to the Pages' dilemma in this case. There, the IRS did not have actual notice of the taxpayers' filing of their bankruptcy petition until after it had made an assessment while the automatic stay was in effect for unpaid tax liability incurred in 1980. *Id.* The statute of limitations for the IRS's assessment action was tolled while the bankruptcy case was pending and for six months thereafter, a period of almost 28 months. Thus, the IRS had until August of 1986 to make a proper assessment before the statute of limitations would expire. *Id.* The IRS, however, attempted to collect on its assessment in 1987, nearly four years after the taxpayers' April 22, 1983, discharge in bankruptcy. *Id.*

The *Anglemyer* court held that the IRS assessment made while the bankruptcy case was pending constituted a direct violation of the automatic stay and rendered that assessment null and void ab initio. *Id.* at 514. While acknowledging that the IRS "need[ed] to have the September 14, 1981, assessment held valid in order to meet the statute of limitations," the court rejected the IRS' argument that their improper assessment should be found voidable instead of void. *Id.* at 513–14. Because the 1987 collection action was based upon a void assessment and was later commenced after the statute of limitations had run, the IRS's claim for the tax debt was barred by the statute of limitations. *See id.* at 514.

Like the IRS in *Anglemyer*, the Pages had ample time after the bankruptcy case was closed to refile their personal injury action against Hendrix.[4] However, they never refiled but instead tried to breathe life into their complaint, a nullity which had been filed while the automatic stay was in effect. After the statute of limitations had expired, all subsequent attempts by the Pages to rein-

**3.** We have been informed by the Pages during our consideration of their petition for rehearing that the bankruptcy court has retroactively lifted the automatic stay "nunc pro tunc from the date it arose on the filing of this bankruptcy on June 5, 1990 so that the Pages may proceed with their action in state court, but only against the insurance proceeds of the Debtor." We have been further advised that the bankruptcy court has also denied Hendrix's motion to alter or amend its order. The Pages brought these developments to our attention by simply mailing uncertified copies of the court's orders to the Clerk of our court. The Pages did not properly supplement the record in this case. *See* Ind. Appellate Rule 7.2(C).

Nevertheless, the bankruptcy court's action does not affect our resolution of this appeal. As shown above, lifting the automatic stay retroactively does not validate a claim which was filed while the stay was in effect but has been barred by the state statute of limitations. *See Pettibone Corp.*, 935 F.2d at 124. Further, our statutes of limitation promote a legitimate state interest in preventing stale claims. *See Matter of M.D.H.* (1982), Ind.App., 437 N.E.2d 119, 128, *trans. denied.* Therefore, while we must generally defer to the bankruptcy court on matters of bankruptcy law, we cannot sanction action by the bankruptcy court which effectively vitiates our statute of limitation for tort actions and revives dead claims, such as the Pages', for which the statute has long since expired.

**4.** If, as it appears, Hendrix was only a nominal defendant in the Pages' action to recover proceeds from his insurance policy, then the Pages could have easily obtained timely relief from the stay to file a new action in state court, but only against the Hendrix's insurance proceeds. The Seventh Circuit's decision in *In re Fernstrom Storage & Van Co.* (7th Cir.1991), 938 F.2d 731, 736, recognized that such a procedure is proper.

state their action in either the Scott Circuit Court or the bankruptcy court were ineffective.

### Objectives of the Automatic Stay

In discussing the purpose of the automatic stay in bankruptcy, Congress stated:

> "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97. The stay ensures that all claims against the debtor will be brought in a single forum, the bankruptcy court. *Pettibone Corp.*, 935 F.2d at 123. Given these policy considerations, "Congress intended violations of the automatic stay to be void rather than voidable." *In re Schwartz* (9th Cir.1992), 954 F.2d 569, 571; *see Bronson v. United States* (Ct.Cl.1993), 28 Fed.Cl. 756, 760 ("both legislative history and case law support the conclusion that acts in violation of the stay should be held void").

Here, the bankruptcy court's subsequent modification of the discharge injunction could not and did not effect relief from the automatic stay. The fact that the Pages' were seeking Hendrix's insurance proceeds cannot override the debtor protections implemented by Congress pursuant to its constitutional authority to establish uniform laws on bankruptcy. Therefore, the Pages' violated the automatic stay and their action was void ab initio, not voidable and subject to subsequent validation.

The petition for rehearing is hereby denied.

STATON, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

### *ON REHEARING*

I respectfully dissent from the majority's denial of the Pages' petition for rehearing. Although I joined with the majority in the original opinion, upon reflection and further study prompted by the Pages' petition for rehearing, I realize that I am prohibited by federal bankruptcy law from joining the majority today.

In our original opinion filed on October 28, 1993, *see Hendrix v. Page* (1993), Ind.App., 622 N.E.2d 564, we reversed the trial court's grant of the Pages' motion for relief from summary judgment. We reasoned that because the Pages' June 21, 1990 complaint violated the § 362 automatic stay, it was "null and void under Indiana law" from its inception; and therefore, the Pages' May 28, 1992 motion for relief from judgment could not reinstate their 1990 action against Hendrix. *Id.* at 567–68. Yet we were quick to acknowledge that "[t]he bankruptcy court has exclusive jurisdiction to interpret the application and scope of the automatic stay" to a state court action brought against a debtor and that we have a strict obligation to follow the bankruptcy court's determination. *Id.* at 567. Under federal bankruptcy law, federal district courts, and hence bankruptcy courts as a unit of the district courts, have original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C.A. § 1334(a).

It is clear that our interpretation of the scope of the § 362 automatic stay to bar the Pages' complaint is inconsistent with the exclusivity of jurisdiction which federal courts enjoy over all bankruptcy matters. The exclusive jurisdiction of the federal courts precludes our interference or participation in bankruptcy matters. Although clearly without jurisdiction, we attempted to rationalize our trespass into the bankruptcy court's jurisdiction through a strict reading of *In Matter of Hendrix*, 986 F.2d 195 (7th Cir.1993), finding that the "court (citation omitted) did not hold that the Pages' state court action against Hendrix was exempt from the automatic stay." *Id.* 622 N.E.2d at 567–58.

In *Matter of Hendrix*, the U.S. Seventh Circuit Court of Appeals affirmed the bank-

ruptcy judge's (1) grant of the Pages' motion to reopen Hendrix's bankruptcy proceeding, and (2) modification of Hendrix's discharge to allow the Pages to proceed against Hendrix's insurer in state court noting that the applicable law had been misunderstood and the injunction erroneously applied to enjoin the Pages from proceeding against Hendrix's insurer. The court acknowledged the oddness of the bankruptcy judge's order purporting to relieve the Pages from the bar of an injunction which did not apply to them, yet recognized the desirability of the judge's order to thwart any attempt by Hendrix's insurer to prevent the Pages from proceeding with their action in state court. *Id.* at 199. Notwithstanding, Hendrix's insurer has since attempted to do exactly that.

Although the Seventh Circuit spoke in terms of the discharge injunction, and as such, the majority has chosen to stress that the court did not hold that the Pages' state claim was exempt from the automatic stay, I believe the Seventh Circuit did so because this was the procedural posture of the case at the time it was presented to the court on appeal. Had the appeal reached the Seventh Circuit when the automatic stay was in force, the result would have undoubtedly been the same. This is evident from the Seventh Circuit's comment on the Bankruptcy Court's power under 11 U.S.C. §§ 105(a), 350(b), and 727(d), to grant equitable relief in any bankruptcy matter through dissolution or other modification, and its observation that the Pages "could have asked the bankruptcy court to lift the automatic stay before discharge, and need not have waited nine months after discharge to move in the bankruptcy court." *Id.* at 198–99. Furthermore,

whether the bankruptcy court actually lifted the automatic stay, modified the discharge injunction, or simply determined that the automatic stay never applied to the Pages' state action against Hendrix's insurer is not the critical element in our analysis. Because the issues involved here are matters of federal bankruptcy law, the factor conclusive to our decision is the ultimate ruling of the bankruptcy court, and not necessarily which route the court travelled in reaching its final decision.

Thus, the Bankruptcy Court's and the Seventh Circuit's determinations that not only did federal bankruptcy law not prohibit the Pages' state action, but that equitable considerations dictated that the Pages be allowed to proceed in state court with their action against Hendrix's insurer in Hendrix's name is dispositive here.[5] Because the federal courts have original and exclusive jurisdiction in all bankruptcy matters, we are bound by this determination. *See Reich v. Reich* (1993), Ind.App., 605 N.E.2d .1178, 1182. Consequently, we cannot now prohibit the Pages from proceeding in state court based upon any bankruptcy matter.

It is now clear to me that our state trial court correctly set aside its summary judgment order in favor of Hendrix pursuant to the Seventh Circuit's opinion in *Matter of Hendrix*, and that we erred in reversing the trial court after impermissibly attempting to skirt the federal courts' holdings by applying our own version of federal bankruptcy law to find that the Pages' state action was void in violation of the automatic stay, and thus, time barred by Indiana's two-year statute of limitations.[6]

---

**5.** In determining that federal bankruptcy law did not prohibit the Pages' state action, the Bankruptcy Court noted that: (1) the Pages filed their state action against Hendrix on June 21, 1990, in good faith, before they were made parties to Hendrix's bankruptcy proceeding and before they had actual notice of the bankruptcy proceeding; (2) although Hendrix filed for bankruptcy on June 5, 1990, after the April 6, 1990 automobile accident which caused the Pages' injuries, he did not list the Pages as a creditor until July 14, 1990; (3) before his discharge in bankruptcy, Hendrix participated fully in the Pages' action, seeking an enlargement of time in which to answer the Pages' complaint, filing a request for change of venue, and filing a request

for production of documents and interrogatories; (4) after his discharge in bankruptcy, Hendrix notified the Pages that his bankruptcy would not prevent the Pages from proceeding against him to the extent of his insurance; (5) for 18 months after his discharge in bankruptcy, Hendrix participated in the Pages' state action by engaging in discovery, attending depositions, and requesting documents without once raising the issue of the automatic stay.

**6.** The majority views its trespass into the federal courts' exclusive jurisdiction as an altruistic measure designed to save the U.S. Bankruptcy Court, District Court, and the Seventh Circuit Court of

If for some reason the majority's error is not clear to everyone at this juncture, it most definitely should be after the U.S. Bankruptcy Court for the Southern District of Indiana's March 2, 1994 response to our original opinion.[7] On November 15, 1993, approximately one month after we issued our original opinion and shortly after the Pages filed this petition for rehearing, the Pages filed a motion with the U.S. Bankruptcy Court to reopen Hendrix's bankruptcy proceeding. The U.S. Bankruptcy Court responded on March 2, 1994, with an order which undeniably lays to rest any question which may still linger in the mind of the most staunch doubter.

The U.S. Bankruptcy Court's March 2, 1994 order "GRANTS the [Pages'] request to reopen this case and ORDERS that the automatic stay be lifted nunc pro tunc from the date it arose on the filing of this bankruptcy on June 5, 1990 so that the Pages may proceed with their action in state court, but only against the insurance proceeds of the Debtor [Hendrix]."[8] Order, at 4. As the Seventh Circuit did in *Matter of Hendrix,* the Bankruptcy Court noted in this order that its jurisdiction to enter retroactive orders lies within its 11 U.S.C. § 105 equitable powers.

As there is now no question remaining as to how the Bankruptcy Court reached its decision that the Pages' state action is not prohibited by federal bankruptcy law, or as to the Bankruptcy Court's exclusive jurisdiction and power to so hold, the sole remaining issue within our authority to determine is the application of Indiana's statute of limitations to the Pages' state claim. As determined by the U.S. Bankruptcy Court, the Pages' original complaint did not violate the § 362 automatic stay; and therefore, was valid when it was filed on June 21, 1990. The automobile accident causing the Pages' injuries occurred on April 6, 1990. The Pages filed their complaint within Indiana's two-year statute of limitations period. Contrary to the majority opinion, the Pages' state action is neither barred by the § 362 automatic stay or Indiana's statute of limitations.

Appeals from ultimate reversal and the parties from additional appeals. The majority sincerely believes that the Pages' action was void in violation of the § 362 automatic stay; and therefore, the Pages are forever barred from proceeding in state court. I dare not cast judgment on the federal courts' determination other than in my own mind, for whether the federal courts erred in applying bankruptcy law is not a question which we as state appellate court judges have authority to address, notwithstanding even the best of motives. As we will see from the Bankruptcy Court's most recent order (which is discussed below), the majority would have been well served by likewise abstaining from overreaching its authority.

7. I cannot participate in the majority's conscious decision to ignore the U.S. Bankruptcy Court's March 4, 1994 order directly responding to our original opinion. Although the Pages failed to follow proper procedures to supplement the record to include this order, I believe that it is in the interest of justice and judicial economy that we consider it, for: (1) there has been no challenge to the authenticity of the bankruptcy court's order, (2) Hendrix was granted leave to file a brief

in response to the Pages' filing of the order, and (3) the order is dispositive and will eliminate the necessity of further proceedings on this particular issue. Moreover, Indiana courts are bound to construe all pleadings so as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points. *See* Ind. Trial Rule 8(F).

8. This result is consistent with the two main purposes of bankruptcy law, that is, to give the debtor a fresh start and to provide for a fair and orderly distribution of the debtor's assets among creditors. Bankruptcy is not intended to protect a debtor's insurer from liability or discharge the liability of any entity other than the debtor on the debtor's debt. *See Matter of Hendrix,* at 197 (citing *Matter of Shondel,* 950 F.2d 1301, 1306–09 (7th Cir.1991); *Green v. Welsh,* 956 F.2d 30 (2d Cir.1992); *In re Jet Florida Systems, Inc.,* 883 F.2d 970 (11th Cir.1989); *In re Western Real Estate Fund, Inc.,* 922 F.2d 592, 601, n. 7 (10th Cir.1990); *In re Fernstrom Storage & Van Co.,* 938 F.2d 731, 733–34 (7th Cir.1991).