**Gordon B. DEMPSEY, Appellant,**

v.

**AUDITOR OF MARION COUNTY, et al., Appellee.**

No. 49A02–0612–CV–1074.

Court of Appeals of Indiana.

Aug. 17, 2007.

Gordon B. Dempsey, Indianapolis, IN, pro se.

Brett P. Dvorak, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Gordon Dempsey appeals the trial court's denial of his motion for relief from judgment, which sought to set aside a tax deed issued to Marion County ("the County"). We reverse.

### Issue

Dempsey raises three issues, but the dispositive issue is whether the County's petition for issuance of a tax deed was void because it was filed after Dempsey had filed for bankruptcy.[1]

### Facts

On June 24, 2000, Dempsey purchased a parcel of real property in Marion County ("the parcel") from the Suburban West Optimist Club ("the Club"). Dempsey did not immediately record his interest in the parcel. Apparently, the Club had not paid property taxes on the parcel for a few years before Dempsey purchased it, and Dempsey also failed to pay property taxes after acquiring the parcel.

In August 2001, the County Treasurer ("the Treasurer") attempted a tax sale of the parcel because of the delinquent taxes. The County Auditor ("the Auditor") sent notice of the sale to the Club and not Dempsey. No private purchaser came forward to buy the parcel. The Treasurer attempted a second sale of the property in August 2002. Again, the Auditor sent notice of the sale to the Club and not Dempsey, and again, no purchaser bought the parcel. Pursuant to statute, the County then received a tax certificate for the parcel and a 120–day redemption period began to run.[2]

On October 15, 2002, Dempsey filed a Chapter 13 bankruptcy petition. On November 22, 2002, the Auditor sent notice of the tax sale and redemption rights to the Club and not Dempsey. On January 6, 2003, the Auditor petitioned the trial court for the issuance of a tax deed for the parcel. Apparently around this time and no later, Dempsey learned of the tax sale proceedings. He contacted the Treasurer's office and stated that he was the owner of the parcel in question. Even though the time period for redemption had already passed, the Treasurer's office faxed redemption information for the parcel to Dempsey. Dempsey was informed that the redemption amount for the parcel was $687.25. Dempsey did not attempt to redeem the parcel. Additionally, he took no action in court to respond to the Auditor's petition for a tax deed.

The Auditor made no further attempts to obtain a tax deed for the parcel for some time. However, on April 23, 2003, the Treasurer filed a claim for $627.25 against Dempsey with the bankruptcy court. On July 14, 2004, Dempsey finally recorded his deed for the parcel. In November 2004, the bankruptcy court dis-

---

1. Dempsey also claims the Auditor failed to comply with tax sale notice requirements, and that a statute shifting some of the Auditor's duties to Marion County township assessors is unconstitutional. In light of our resolution of the bankruptcy stay issue, we need not address these issues.

2. Indiana Code Section 6–1.1–24–6 used to require a county to make two attempts to sell property to the public before it could obtain a tax certificate. The statute was amended in 2006 to allow a county to obtain a tax certificate after one attempted tax sale.

missed Dempsey's bankruptcy case and barred him from filing another bankruptcy petition for one year.

On July 27, 2005, the Treasurer mailed Dempsey a letter saying "that the County has taken the necessary steps to transfer ownership to Marion County" and, "Any interest you have in the property will be relinquished as of August 5th, 2005." Ex. 23. On August 25, 2005, the County obtained a tax deed to the parcel. On August 26, 2005, the County sold the parcel to Donna Tew as surplus government property. On February 27, 2006, Dempsey attempted to pay the delinquent taxes, interest, and penalties on the parcel, but the Treasurer declined to accept Dempsey's check because Tew now owned the parcel.

On April 27, 2006, Dempsey filed a "Motion to Dismiss and/or for Trial Rule 60 Relief," seeking to set aside the tax deed to the County and the subsequent quitclaim deed to Tew.App. p. 128. Dempsey claimed a lack of proper notice as to the tax sale, issuance of the tax deed, and sale of the property to Tew. He also claimed the Auditor's January 2003 petition for issuance of a tax deed while his bankruptcy case was pending violated the automatic stay provision of the Bankruptcy Code. The trial court conducted a hearing on Dempsey's motion and on October 27, 2006, it denied the motion, concluding inter alia that the Auditor's petition for a tax deed did not violate the automatic stay. Dempsey now appeals.

## Analysis

 Dempsey contends the Auditor's filing of a petition for a tax deed on January 6, 2003, while his Chapter 13 bankruptcy case was pending, violated the automatic stay provision of the Bankruptcy Code. He claims this rendered the petition void ab initio, thus making the final issuance of a tax deed in August 2005 void as

well, even though his bankruptcy case had been dismissed by that time.

 We first review tax sale procedures in Indiana. When the owner of real property fails to pay property taxes, the property may be sold to satisfy the delinquent taxes. *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind.Ct.App.2004), trans. denied. The process by which property is sold is governed by statute, and a valid sale requires material compliance with those statutes. *Id.* In cases such as this where no member of the public purchases the property, "the county executive acquires a lien in the amount of the minimum sale price." Ind.Code § 6–1.1–24–6(a). The county executive receives a tax sale certificate and enjoys the same rights that a public purchaser would. I.C. § 6–1.1–24–6(b). The redemption period when a county executive acquires a tax sale certificate is 120 days. I.C. § 6–1.1–25–4(b). After that time passes and the property has not been redeemed, the county executive may file a petition in the court that administered the tax sale requesting issuance of a tax deed, upon notice to the proper parties. I.C. § 6–1.1–25–4.6(a). Before the tax deed can be issued, the court must find:

(1) The time of redemption has expired.

(2) The tract or real property has not been redeemed from the sale before the expiration of the period of redemption specified in section 4 of this chapter.

(3) Except with respect to a petition for the issuance of a tax deed under a sale of the certificate of sale on the property under IC 6–1.1–24–6.1, all taxes and special assessments, penalties, and costs have been paid.

(4) The notices required by this section and section 4.5 of this chapter have been given.

(5) The petitioner has complied with all the provisions of law entitling the petitioner to a deed.

I.C. § 6–1.1–25–4.6(b).[3]

■ The automatic stay provision of the Bankruptcy Code states in part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362.[4] Ordinarily, any action taken in violation of the stay is void and without effect. *In re Calder,* 907 F.2d 953, 956 (10th Cir.1990). Thus, if the Auditor's January 2003 filing of a petition for a tax deed violated the automatic stay in Dempsey's case, that filing was without effect and could not support the later issuance of a tax deed to the County.

There are no reported federal court decisions addressing Indiana law and whether Section 362 prohibits filing a petition for a tax deed, where the tax sale occurred before a bankruptcy case is filed but such a case is filed before the redemption period expires. There are a number of cases from Illinois on this and similar issues, but their reasoning and results are not consistent. *Compare In re Davenport,* 268 B.R.

---

**3.** We also note that the issuance of a tax deed generally cannot be challenged "except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." I.C. § 6–1.1–25–4.6(h). Dempsey did not attempt to set aside the issuance of the tax deed until approximately eight months after it was issued. The County,

however, made no argument before the trial court and makes no argument on appeal that Dempsey's motion to set aside the tax deed was untimely.

**4.** The County does not argue that any of the statutory exceptions to the automatic stay found in subsection 362(b) apply in this case.

159, 165–66 (Bankr.N.D.Ill.2001) (holding automatic stay prohibited tax sale purchaser from petitioning for tax deed after property owner petitioned for bankruptcy, regardless of whether purchaser was aware of bankruptcy filing, and tax deed petition was "void") *with Jackson v. Midwest P'ship,* 176 B.R. 156, 159 (N.D.Ill.1994) (holding that where tax sale occurs before bankruptcy filing, petitioning for tax deed after bankruptcy filing does not violate the automatic stay). However, our review of the cases indicates that *Davenport* represents the more recent and clearly the majority rule on this issue. *See, e.g., In re McKinney,* 341 B.R. 892, 897 (Bankr. C.D.Ill.2006) (holding that automatic stay precludes seeking issuance of tax deed); *In re Halas,* 194 B.R. 605, 613 (Bankr. N.D.Ill.1996) (disagreeing with *Jackson*); *In re Bequette,* 184 B.R. 327, 337 (Bankr. S.D.Ill.1995) (holding that tax deed purchaser violated automatic stay by petitioning for tax deed, but such action did not warrant imposition of contempt sanctions). Other cases have arisen in the bankruptcy courts of Illinois that clearly, albeit implicitly, demonstrate that petitioning for a tax deed would violate the automatic stay, because the court believed it was necessary to grant relief from the automatic stay before such a petition could be filed. *See, e.g., In re Murray,* 276 B.R. 869, 878 (Bankr.N.D.Ill.2002) (holding that tax sale purchaser was entitled to relief from automatic stay in order to seek tax deed in state court); *In re Blue,* 247 B.R. 748, 752 (Bankr.N.D.Ill.2000) (same). The only current dispute in the Illinois bankruptcy courts appears to be whether granting such relief can ever be proper, as demonstrated by *Murray,* or whether such relief never is proper, as represented by *McKinney.*

The County claims its filing of the petition for a tax deed did not violate the automatic stay, relying on *In re Tynan,* 773 F.2d 177 (7th Cir.1985); the trial court also relied on *Tynan* in ruling against Dempsey. In that case, the Seventh Circuit addressed Illinois mortgage foreclosure law at the time, under which the mortgagor had six months after a foreclosure sale to redeem the property, after which time the sheriff automatically issued a deed to the foreclosure sale purchaser. Real estate owned by the mortgagor in *Tynan* had been subjected to a foreclosure sale, but the mortgagor filed for bankruptcy one day before the six-month redemption period was set to expire. The bankruptcy court had held that the redemption period would be extended until a bankruptcy plan was completed.

The Seventh Circuit disagreed. It first held that the time period for redeeming the property extended for sixty days after the mortgagor filed for bankruptcy and no more, pursuant to 11 U.S.C. § 108(b). *Tynan,* 773 F.2d at 179. The court also held that the automatic stay provision of Section 362 did not act to toll the redemption period. *Id.* at 179–80. Thus, because neither the trustee nor the debtor redeemed the property within sixty days, the foreclosure sale purchaser automatically obtained full title to the property, regardless of the bankruptcy case's pendency. *See id.*

*Tynan* is clearly distinguishable from the present case, where the County had to take the affirmative step of petitioning for a tax deed before it could obtain a deed to the parcel. The affirmative step of petitioning for a tax deed also is present under Illinois tax sale law and appears to form the basis for the current line of cases holding that petitioning for such a deed violates the automatic stay. *See McKinney,* 341 B.R. at 901–02 (noting that under several mortgage foreclosure cases decided by appellate courts, the debtor's rights in property were divested by mere pas-

sage of time and no further step was necessary for the foreclosure sale purchaser to obtain title). The cases *Tynan* cited in support of its holding regarding Section 362 also specifically noted that where a mortgage foreclosure sale purchaser automatically receives title to property after the redemption period passes, then no "affirmative act" has occurred that would violate the automatic stay. *See Johnson v. First Nat'l Bank of Montevideo,* 719 F.2d 270, 276 (8th Cir.1983), (holding "Congress intended § 362(a) to prohibit only certain types of *affirmative actions* "), *cert. denied; In re Petersen,* 42 B.R. 39, 40 (Bankr.D.Or.1984) (noting that under Oregon foreclosure law, "the purchaser need only wait for the fullness of time to be blessed with fee title").

The County's tax certificate, which constituted only a lien against Dempsey's parcel, did not automatically mature into a tax deed after the statutory redemption period passed. Instead, the County was required to take the affirmative step of petitioning a trial court for a tax deed, pursuant to Indiana Code Section 6–1.1–25–4.6, and to comply with all of that statute's requirements regarding notice and establishing entitlement to a tax deed. This seems to be precisely the type of activity prohibited by the Bankruptcy Code's automatic stay. Petitioning for the issuance of a tax deed appears on its face to be an affirmative "act to obtain possession of property of the estate or of property from the estate," or an "act to create, perfect, or enforce any lien against property of the estate," in violation of Section 362(a)(3) and (4).

▮ Pursuant to the Bankruptcy Code, a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also O'Brien v. 1st Source Bank,* 868 N.E.2d 903, 907 (Ind.Ct.App.2007). This would

include the parcel Dempsey owned, even though he had not yet recorded his interest in it at the time of his bankruptcy filing. *See In re Taft,* 262 B.R. 55, 58 (Bankr.M.D.Pa.2001) (holding that unrecorded transfer of property to debtor was sufficient to include property in the bankruptcy estate under Section 541 and proceeding with tax sale of property violated the automatic stay). Although record title is evidence of ownership, whether or not a deed is recorded does not affect the deed's validity. *See ABN AMRO Mortg. Group, Inc. v. American Residential Servs., LLC,* 845 N.E.2d 209, 218 (Ind.Ct.App.2006).

▮ We further note that although there is no evidence the County was aware of Dempsey's bankruptcy filing, let alone that he even owned the parcel in question, knowledge of a bankruptcy filing is irrelevant when considering whether an act has violated the automatic stay. *See Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3rd Cir.1991). Additionally, it has been repeatedly noted by the federal courts that dismissal of a bankruptcy case by itself in no way remedies or validates any actions taken in violation of the automatic stay while the case was pending, nor does dismissal retroactively lift the automatic stay. *See In re Davis,* 177 B.R. 907, 911 (BAP 9th Cir.1995); *In re D'Alfonso,* 211 B.R. 508, 513 (Bankr. E.D.Pa.1997). There is no indication in the record or claim by the County that the November 2004 dismissal order in Dempsey's bankruptcy case explicitly and retroactively lifted the automatic stay.

The Bankruptcy Court for the Southern District of Indiana might have the power to re-open Dempsey's bankruptcy case for the limited purpose of entering a nunc pro tunc order retroactively lifting the automatic stay, which would validate the County's January 2003 petition for a tax deed. That is essentially what happened in *Hen-*

*drix v. Page, decided sub. nom Hammes v. Brumley,* 659 N.E.2d 1021 (Ind.1995). In that case, Hendrix was involved in a car accident with Page in April 1990. On June 5, 1990, Hendrix filed for bankruptcy. On June 21, 1990, Page filed suit against Hendrix in a state trial court and Hendrix later added Page as a bankruptcy creditor. In September 1990, Hendrix' bankruptcy case was finalized and his debts were discharged. Hendrix later moved for summary judgment in the trial court on the basis that Page's claim had been discharged in bankruptcy and the court granted summary judgment. Thereafter, the bankruptcy court modified the discharge so that Page could proceed against Hendrix to the extent of his liability insurance. Page then successfully obtained relief from the summary judgment order.

On appeal, this court reversed the relief from judgment, holding that the filing of the complaint on June 21, 1990, was void ab initio because it violated the bankruptcy automatic stay. *Hendrix v. Page,* 622 N.E.2d 564, 568 (Ind.Ct.App.1993). After our original opinion, the bankruptcy court re-opened Hendrix' case for the purpose of entering a nunc pro tunc order expressly lifting the automatic stay, retroactive to June 5, 1990. On transfer, our supreme court held that this order required recognition of the filing of the June 21, 1990 complaint to be valid and not in violation of the automatic stay, and state courts were without jurisdiction to hold otherwise. *Hammes,* 659 N.E.2d at 1028. As the court noted, "Bankruptcy courts in general have authority to grant relief from the automatic stay...." *Id.*

 The flip side of this holding, however, is that *"Only* the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." *Maritime,* 959 F.2d at 1204 (em-

phasis added). Federal court jurisdiction is preeminent in bankruptcy matters. *Hammes,* 659 N.E.2d at 1027. In other words, this court is powerless to validate the tax deed petition the County filed while the automatic stay in Dempsey's bankruptcy case was in effect. Such relief falls exclusively within the jurisdiction of the bankruptcy court. We are compelled to reverse the issuance of the tax deed to the County, which was issued on the basis of a tax deed petition filed in violation of the Bankruptcy Code's automatic stay provision. This reversal also necessarily invalidates the County's sale of the parcel to Tew.

### Conclusion

The trial court erred as a matter of law in concluding that the petition for a tax deed did not violate the automatic stay. We reverse the denial of Dempsey's motion to set aside the issuance of the tax deed.

Reversed.

NAJAM, J., and RILEY, J., concur.