**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD D. LEVENHAGEN**
Landman & Beatty, Lawyers, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
AUDITOR OF MARION COUNTY and
TREASURER OF MARION COUNTY:

**ANGELA S. JOSEPH**
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE INDY-EAST
ASSET DEVELOPMENT CORPORATION:

**WILLIAM E. KELLEY, JR.**
**RUSSELL M. WEBB, III**
Drewry Simmons Vornehm, LLP
Carmel, Indiana

FILED
Nov 30 2012, 8:48 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE:  2009 MARION COUNTY TAX SALE )
PARCEL NO. 1019054 )
)
DARRYL W. FINKTON, SR., )
)
    Appellant-Respondent, )
)
          vs. )    No. 49A02-1201-MI-41
)
AUDITOR OF MARION COUNTY, )
TREASURER OF MARION COUNTY, )
)
    Appellees-Petitioners, )
)
        and )
)
INDY-EAST ASSET DEVELOPMENT )
CORPORATION, )
)
    Appellee-Intervenor. )

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis F. Rosenberg, Judge
Cause No. 49C01-1002-MI-8489

**November 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Darryl W. Finkton failed to pay taxes on an Indianapolis property, which was listed for the March 2010 Marion County tax sale. When the property failed to sell, the City of Indianapolis ("the City") acquired a lien on it. Finkton had 120 days to redeem the property, and that deadline was extended by sixty days when he filed for bankruptcy in July 2010. Unaware of the bankruptcy filing, the Marion County Auditor ("the Auditor") petitioned for a tax deed on the property, which was issued to the City in September 2010. Finkton failed to redeem the property before the statutory redemption period expired. The Auditor learned about Finkton's bankruptcy and petitioned to void the tax deed. The City quieted title to the property and sold it to a nonprofit development corporation, which made improvements to the property.

As a result of a computer error, the property was listed for the September 2011 Marion County tax sale. The day before the sale, Finkton went to the office of the Marion County Treasurer ("the Treasurer") and attempted to redeem the property by presenting a cashier's check. The Treasurer accepted the check, and the property was removed from the sale. In

reviewing Finkton's payment, the Treasurer discovered the computer error that resulted in the property mistakenly being placed on the September 2011 tax sale list. The Auditor filed a petition to reissue the tax deed to the City, to which Finkton objected. The trial court overruled Finkton's objection and ordered the Auditor to reissue the tax deed. On appeal, Finkton raises one legal and one equitable argument, neither of which we find persuasive. Therefore, we affirm the trial court.

## Facts and Procedural History

The relevant facts are undisputed. Finkton owned parcel number 1019054 ("the Property") on Eastern Avenue in Indianapolis. Finkton failed to pay taxes on the Property prior to and during 2009. Pursuant to Indiana Code Section 6-1.1-24-1(a)(2), the City's Metropolitan Development Commission identified the Property as vacant or abandoned and certified it as such to the Auditor. The Property was placed on the delinquent property tax list and was offered for sale in the Marion County tax sale held on March 18, 2010. The Property did not sell. Pursuant to statute, the City acquired a lien on the Property. *See* Ind. Code § 6-1.1-24-6(a) ("When a tract or an item of real property is offered for sale under this chapter and an amount is not received equal to or in excess of the minimum sale price prescribed in section 5 of this chapter, the county executive acquires a lien in the amount of the minimum sale price. This lien attaches on the day after the last date on which the tract or item was offered for sale.").[1] Pursuant to Indiana Code Section 6-1.1-25-4(a)(3), Finkton

---

[1] The appellees note that "Marion County and the City of Indianapolis are consolidated and therefore any lien in favor of the County is actually a lien in favor of the City." Appellees' Br. at 3 n.2.

then had 120 days to redeem the Property. The last business day on which he could have redeemed the Property was July 19, 2010.

However, on July 14, 2010, Finkton filed a Chapter 13 bankruptcy petition, which extended the redemption period by sixty days from that date, to September 13, 2010. *See Matter of Tynan*, 773 F.2d 177, 179 (7th Cir. 1985) (holding that when bankruptcy petition is filed before expiration of applicable state redemption period, 11 U.S.C. § 108(b) "extends the redemption period for 60 days from the commencement of bankruptcy proceedings."). Neither Finkton nor the bankruptcy trustee redeemed the Property before the redemption period expired.

Unaware of the bankruptcy, the Auditor petitioned the trial court for a tax deed on the Property on July 20, 2010.[2] The petition was granted on August 27, 2010, and the tax deed was issued to the City on September 10, 2010.[3] Also unaware of the bankruptcy, the City filed a complaint to quiet title to the Property on October 15, 2010. On January 3, 2011, the trial court entered a final judgment quieting title to the Property in the City.

The Auditor learned that Finkton had filed a bankruptcy petition and on January 14, 2011, filed a petition to void the tax deed, apparently based on the belief that the deed had been obtained in violation of the automatic stay provision of the Bankruptcy Code. On February 16, 2011, the trial court granted the Auditor's petition. On February 18, 2011, the

---

[2] In its judgment, the trial court observed that pursuant to Indiana Code Section 6-1.1-25-7.5, the Auditor could have issued a tax deed to the City without petitioning the court.

[3] The trial court's judgment states that "[t]he notice of the tax sale, both pre-sale and post-sale, of the right of redemption and of the petition for issuance of the tax deed were all sent pursuant to statute and there is no argument that notices were not sent or not received." Appellant's App. at 92 n.1.

4

City sold the Property to the nonprofit Indy-East Asset Development Corporation ("Indy-East"), which made improvements to the Property. On March 23, 2011, Finkton's bankruptcy case was dismissed.

Because of a computer coding error in the Treasurer's office, the Property was placed on the September 2011 tax sale list, with a minimum bid of $7358.53. On September 20, 2011, one day before the sale, Finkton attempted to redeem the Property by presenting the Treasurer with a cashier's check in the amount of $6844.08. The Treasurer accepted the check and issued a receipt, which did not indicate that the Property had been redeemed. As a result of Finkton's payment, the Property was withdrawn from the tax sale.[4]

In reviewing Finkton's payment, the Treasurer discovered the coding error that had led to the Property mistakenly being placed on the September 2011 tax sale list, and on October 5, 2011, the Auditor filed a petition for reissuance of tax deed pursuant to the City's lien from the March 2010 tax sale. Finkton filed an objection to the Auditor's petition. The Treasurer held Finkton's funds pending the outcome of the proceeding. Also on October 5, 2011, the City filed a motion to vacate the quiet title judgment, which the trial court granted

---

[4] The Treasurer's administrative deputy, Cindy Land, explained that when the Property

was eligible for the City to take title to it [after the March 2010 tax sale], we had it coded [in the Treasurer's computer system to indicate that the City had a lien on the Property]. When we found out [Finkton's] bankruptcy had occurred we had to remove that code and put a bankruptcy code on. The code for [the City's lien] did not get restored once the bankruptcy was dismissed or discharged.

Tr. at 43. Because the computer system did not show the City's lien on the Property and because the spring 2010 property tax installment was not paid, the Treasurer placed the Property on the September 2011 tax sale list. *Id*. at 58-59. If the computer system had shown the City's lien on the Property when Finkton attempted to redeem it on September 20, 2011, Finkton's payment would have been refused because the redemption period had expired. *Id*. at 60-61.

on October 24, 2011. The court also allowed Indy-East to intervene in the proceeding. After an evidentiary hearing, on December 22, 2011, the trial court issued a final judgment overruling Finkton's objection and ordering the Auditor to reissue the tax deed to the City. This appeal ensued.

**Discussion and Decision**

The trial court's judgment contains detailed findings of fact and conclusions thereon. Finkton does not dispute the trial court's findings and challenges only its legal conclusions, which we review de novo. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 217 (Ind. 2012).

Finkton contends that the trial court erred in overruling his objection to the Auditor's petition to reissue the tax deed for the Property. Finkton purports to raise four arguments, which may be boiled down to two, one legal and one equitable. Finkton's legal argument is essentially that his statutory right to redeem the Property, which undisputedly expired in September 2010, was somehow resuscitated by the Treasurer's erroneous listing of the Property in the September 2011 tax sale. The flip side of Finkton's argument is that the City's lien on the Property expired or was somehow extinguished during the course of the proceeding. Finkton cites no relevant authority for either proposition, and therefore his

argument is waived. *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1117 (Ind. Ct. App. 2008), *trans. denied* (2009).[5]

Finkton's equitable argument is that the Auditor should be estopped from reissuing the tax deed because "the County acted in an arguably misleading way by putting the Property back in the September 2011 tax sale thereby leading Finkton to believe that he could get his property back by paying the delinquency before the sale." Appellant's Br. at 9. This Court has said that "[e]quitable estoppel applies if one party, through its representations or course of conduct, knowingly misleads or induces another party to believe and act upon his or her conduct in good faith and without knowledge of the facts." *Steuben Cnty. v. Family Dev., Ltd.*, 753 N.E.2d 693, 699 (Ind. Ct. App. 2001), *trans. denied* (2002). "The party claiming estoppel has the burden to show all facts necessary to establish it." *Story Bed & Breakfast, LLP v. Brown Cnty. Plan Comm'n*, 819 N.E.2d 55, 67 (Ind. 2004). Finkton has failed to allege, much less establish, that the Treasurer *knowingly* misled him to believe that he could redeem the Property after the statutory redemption period expired in September 2010.

---

[5] As did the trial court, we find Finkton's reliance on *Dempsey v. Auditor of Marion County*, 871 N.E.2d 1031 (Ind. Ct. App. 2007), *trans. denied* (2008), to be misplaced. In that case, the appellate court held that the county's petition for issuance of a tax deed was void because it was filed while Dempsey's bankruptcy was pending. In this case, the Auditor sought to cure any defect in the tax deed by having it vacated and reissued after Finkton's bankruptcy was dismissed. Finkton cites no authority for the proposition that any defect in the tax deed affected the validity of the City's lien on the Property and/or extended the statutory redemption period.

Indeed, it is undisputed that the Property was mistakenly listed for the September 2011 tax sale as the result of a computer coding error. Therefore, we affirm.[6]

Affirmed.

RILEY, J., and BAILEY, J., concur.

---

[6] Although not mentioned in the trial court's judgment, we note that generally, government entities are not subject to equitable estoppel. *Equicor Dev., Inc. v. Westfield-Washington Twp. Plan Comm'n*, 758 N.E.2d 34, 39 (Ind. 2001). Estoppel may be appropriate, however, "where the party asserting estoppel has detrimentally relied on the governmental entity's affirmative assertion or on its silence where there was a duty to speak." *Id*. Finkton cites no authority for the proposition that he detrimentally relied on any affirmative assertion by the Treasurer.